Della A. BAKER, Plaintiff–Appellant,

v.

DEPARTMENT OF HUMAN SERVICES SHAPIRO DEVELOPMENT CENTER, Defendant–Appellee.

No. 00–3203.

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 12, 2001.*

Decided Oct. 12, 2001.

Before COFFEY, KANNE and DIANE P. WOOD, Circuit Judges.

**ORDER**

Della Baker brought suit against her employer, the Illinois Department of Human Services, for alleged violations of the Americans with Disabilities Act. 42 U.S.C. § 12101 *et. seq.* In July 2000, a magistrate judge recommended that Baker's claims be dismissed based on Eleventh Amendment immunity. Baker did not object, and the district court adopted the magistrate judge's recommendation and dismissed Baker's complaint with prejudice. Baker appealed, but we now dismiss the appeal.

Baker's brief fails to comply with Federal Rule of Appellate Procedure 28(a)(9), which requires that an appellant's brief contain "contentions and the reasons for them" along with "citations to the authorities and parts of the record on which the appellant relies." Fed. R.App. P. 28(a)(9). Although Baker's claims were dismissed on grounds of sovereign immunity, her brief merely provides a narrative of her medical problems and factual allegations. The brief does not suggest any reasons why the district court should not have dismissed her claims. At no point does Baker's brief refer to the district court judgment, the magistrate judge's report and recommendation, or the issue of sovereign immunity. Although we construe pro se filings such as Baker's liberally, pro se litigants must still comply with Rule 28(a)(9) and provide legal argument and authority. *See Anderson v. Hardman,* 241 F.3d 544, 545 (7th Cir.2001). Failure to provide such argument and authority will result in dismissal of the appeal. *See id.* at 545–46. Because we cannot discern any argument in Baker's brief to suggest that

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

the district court erred, the appeal is DIS-MISSED.