**Jerome A. MAHER, Plaintiff–Appellant, Cross–Appellee,**

v.

**HARRIS TRUST AND SAVINGS BANK, as Trustee, Horizon Savings Bank, F.S.B. and Resolution Trust Corporation, as Receiver of Horizon Federal Savings Bank, Defendants,**

**and**

**The Cadle Company, Appellee, Cross–Appellant.**

**Nos. 01–4371, 02–1496.**

United States Court of Appeals, Seventh Circuit.

Argued Jan. 22, 2003.

Decided Jan. 29, 2003.

Before FLAUM, Chief Judge, MANION, and WILLIAMS, Circuit Judges.

ORDER

Jerome A. Maher has not paid a judgment that the United States District Court for the Northern District of Illinois entered against him, and in favor of the Resolution Trust Corporation (RTC) as receiver for Horizon Federal Savings Bank, on September 22, 1993. Since then, the Federal Deposit Insurance Corporation (FDIC) became the transferee of the

RTC's assets, including the judgment against Maher. The FDIC in turn transferred the judgment to JDC Finance Company, which later assigned the judgment for valid consideration to the appellee and cross-appellant in this case, the Cadle Company. Since then, the district court granted, over Maher's objection, Cadle's motion to be recognized as the successor-in-interest to the judgment.

Disquieted by Cadle's (thus far) unsuccessful attempts at collection, Maher now appeals the district court's order denying his motion to prohibit Cadle from enforcing the judgment. The crux of Maher's argument is that Cadle has not established that it properly obtained assignment of the judgment. However, because Maher (through his counsel) cites no authority in support of his arguments, we must dismiss his appeal under Federal Rule of Appellate Procedure 28(a)(9)(A). *See Anderson v. Hardman,* 241 F.3d 544, 545–46 (7th Cir. 2001).

That leaves us with Cadle's cross appeal. Cadle argues that it validly served a wage garnishment on Maher's employer, Fairfield Savings Bank, and that for a period of time Fairfield wrongly refused to honor that garnishment. Although Maher is the only other party to this appeal, however, the remedy that Cadle wants is not directed at Maher; Cadle's requested remedy is, as its lawyer put it during oral argument, for us to "order that *Fairfield* should have to pay what they should have been garnishing" and to "allow the district court to enter a judgment against *Fairfield* ... for the amount that should have been retained by them pursuant to the garnishment [emphasis added]." Fairfield, however, is not a party to this appeal. Given that Cadle seeks no remedy against a party before us, we lack Article III jurisdiction over its cross-appeal. *See Jordan by Jones v. Indiana High Sch. Athletic Ass'n,* 16 F.3d

785, 788 (7th Cir.1994). We nonetheless observe that there is nothing in this order, at issue on appeal, or, as far as we can discern, in the district court's disposition of this matter, that prejudices Cadle's right to pursue, in a court of competent jurisdiction, garnishment proceedings against Fairfield or collection proceedings against Maher.

The appeal and cross-appeal are DISMISSED.