**Uluches JEFFERSON, Plaintiff–Appellant,**

v.

**Officer MYLES, et al., Defendants–Appellees.**

No. 02–1132.

United States Court of Appeals, Seventh Circuit.

Submitted March 27, 2003.*

Decided March 27, 2003.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before POSNER, MANION, and WILLIAMS, Circuit Judges.

### ORDER

Uluches Jefferson, an Illinois prisoner, sued numerous employees of the Illinois Department of Corrections asserting that they used excessive force (or permitted excessive force to be used) against him on several occasions. A jury found in favor of the defendants, and Jefferson appeals.

Jefferson's *pro se* brief raises a number of arguments, but it violates Federal Rule of Civil Procedure 28(a). To list a few shortcomings, the brief does not contain a table of contents, a table of authorities, a statement of the case, a statement of facts with citations to the record, or a statement of the applicable standard of review for each issue. *See* Fed.R.Civ.P. 28(a)(2), (3), (6), (7), and (9)(B). And with the exception of one argument, discussed below, Jefferson's brief does not provide any citations to relevant authority to support his contention that the district court made numerous errors during the trial. Although we construe *pro se* briefs liberally, *see Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir.2001), we will not research arguments for the appellant or sift through the record to find support for his assertions of error. *Id.; Muhich v. C.I.R.*, 238 F.3d 860, 864 n. 10 (7th Cir.2001). Because Jefferson's brief failed to comply with Fed.R.Civ.P. 28, he waived any undeveloped arguments and we do not consider them. *Muhich*, 238 F.3d at 864 n. 10.

We are able to discern one possible argument suggested by Jefferson's brief, namely, that the district court erroneously denied him leave to file a second amendment to his complaint. He filed his original complaint in January 1998, asserting that the defendants, in addition to using excessive force against him on several occasions, had spread a rumor among the inmates that he was a "stool pigeon" (e.g., he provided prison authorities with incriminating information about other prisoners). In June 1998 the district court allowed Jefferson to amend his complaint (the amendment is not in the record, but subsequent filings suggest that he sought to correct certain shortcomings that he perceived in the way he pleaded his excessive force claims). In March 1999 Jefferson sought leave to amend his complaint a second time by adding allegations regarding the defendants' informing other in-

mates he was a "stool pigeon." The district court denied his request because he did not explain why he could not have added the allegations sooner and because the new allegations failed to state a claim upon which relief could be granted.

Jefferson appears to argue that the court erred in determining that his amendment was untimely and that it failed to state a claim. Although Fed.R.Civ.P. 15(a) directs courts to freely permit leave to amend "when justice so requires," the rule does not require that leave be granted in every case. *Park v. City of Chicago*, 297 F.3d 606, 612 (7th Cir.2002). For example, a court can deny the plaintiff leave to amend if the proposed amendment fails to state a new claim or is merely repetitive of the original complaint. *See 188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 739 (7th Cir.2002) (amendment states no new claim); *Crim v. Bd. of Ed. of Cairo School Dist. No. 1*, 147 F.3d 535, 547–48 (7th Cir.1998) (proposed amendments did not differ from original complaint). As the district court correctly noted, Jefferson's proposed amendment was largely repetitious of the allegations in the original complaint, and Jefferson did not show why it was necessary for him to restate the same facts contained in his original complaint. Moreover, any new allegations Jefferson sought to add were superfluous because the defendants had never challenged the adequacy of his claim relating to their labeling him a "stool pigeon", and the new allegations would not have cured any pleading defect. Justice therefore did not require that he be allowed to amend his complaint a second time, and the district court did not abuse its discretion by denying his motion to amend.

AFFIRMED.