**Elsie O'NEAL, Plaintiff–Appellant,**

v.

**NATIONAL PLASTICS CORP., Defendant–Appellee.**

**No. 02–4365.**

United States Court of Appeals, Seventh Circuit.

Submitted July 23, 2003.*

Decided July 23, 2003.

Rehearing Denied Aug. 22, 2003.

Before CUDAHY, POSNER, and RIPPLE, Circuit Judges.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

## ORDER

Elsie O'Neal appeals *pro se* from a jury verdict in favor of her former employer, National Plastics Corporation, on her retaliation claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C.2000e, *et seq.* We dismiss her appeal for noncompliance with Federal Rule of Appellate Procedure 28(a)(9).

Rule 28(a)(9)(A) specifies that an appellant's brief must contain the appellant's "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." This rule applies equally to pro se litigants like O'Neal; failure to comply will result in dismissal. *Anderson v. Hardman*, 241 F.3d 544, 545–46 (7th Cir.2001). Although we construe pro se briefs liberally, we "must be able to discern cogent arguments" consisting of "more than a generalized assertion of error, with citations to supporting authority." *Id.* at 545.

O'Neal's appellate brief consists of a four-page narrative–with no citations to the record or case law–recounting a chain of events that, she says, establishes that National Plastics retaliated against her. She does not develop any comprehensible argument, however, for disturbing the jury's verdict. She concludes that she was denied a fair trial because National Plastics allegedly impeded discovery of documents that would have supported her retaliation claim. But this accusation is vague and unsubstantiated. She asserts that on the last day of trial the company surprised her and her attorney when it "brought in documents and threw them on the table and told the court we didn't want to see them." (Appellant's Br. at 4.) She points to nothing in the record to support this assertion, and we are unable to discern what, if any, ruling by the trial judge she now challenges concerning the alleged nondisclosure. Where, as here, a party fails to develop the factual basis of a claim on appeal, the argument is deemed waived. *Muhich v. C.I.R.*, 238 F.3d 860, 864 n. 10 (7th Cir.2001). Moreover, O'Neal did not order a transcript of the trial for inclusion in the the appellate record as required by Federal Rule of Appellate Procedure 10(b). *See LaFollette v. Savage*, 63 F.3d 540, 544 (7th Cir.1995); *Woods v. Thieret*, 5 F.3d 244, 245 (7th Cir.1993). Without the transcript, we could not possibly review what transpired at trial concerning the alleged nondisclosure or conduct any evaluation of the evidence submitted.

Accordingly, the appeal is DISMISSED.