**Willie WILLIAMS, Plaintiff–Appellant,**

**v.**

**Gerald BERGE and Henry Bray, Defendants–Appellants.**

**No. 03–1544.**

United States Court of Appeals, Seventh Circuit.

**628**

Submitted Aug. 20, 2003.*

Decided Aug. 20, 2003.

Willie Williams, pro se, Champaign, IL, for Plaintiff–Appellant.

JoAnne F. Kloppenburg, Office of the Attorney General, Wisconsin Department of Justice, Madison, WI, for Defendants–Appellees.

Before BAUER, KANNE, and EVANS, Circuit Judges.

### ORDER

Wisconsin inmate Willie Williams sued prison officials under 42 U.S.C. § 1983, alleging that they violated his constitutional rights. The district court screened his complaint under 28 U.S.C. § 1915(e)(2) and permitted him to proceed on the single claim that correctional officer Henry Bray and warden Gerald Berge had violated his rights under the First Amendment by opening his legal mail outside of his presence between March 1 and 15, 2002. The court then entered summary judgment in favor of the defendants, concluding that most of the alleged legal mail could not have been opened during the relevant time period and that the remaining mail was not "legal mail" entitled to First Amendment protection. Williams appeals.

Williams's appellate brief does not comply with Federal Rule of Appellate Procedure 28(a)(9), which requires that an appellant's brief "contain appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Williams cites no cases nor any portion of the record in his brief. Moreover, he fails to articulate how the district court erred in granting summary judgment to the defendants. Although we construe pro se briefs liberally, we "must be able to discern cogent arguments" consisting of "more than a generalized assertion of error, with citations to supporting authority." *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001).

Accordingly, we DISMISS his appeal.