Eugene L. **CHERRY**, Plaintiff–
Appellant,

v.

Gerald A. **BERGE**, et al., Defendants–
Appellees.

Nos. 03–1374, 03–2885 and 03–2886.

United States Court of Appeals,
Seventh Circuit.

Submitted April 5, 2004.*

Decided April 5, 2004.

Eugene L. Cherry, Wisconsin Secure Program Facility, Boscobel, WI, for Plaintiff–Appellant.

Corey F. Finkelmeyer, Office of the Attorney General, Wisconsin Department of Justice, Madison, WI, Douglas S. Knott, Leib & Katt, Milwaukee, WI, for Defendants–Appellees.

Before BAUER, COFFEY, and ROVNER, Circuit Judges.

**ORDER**

Wisconsin prisoner Eugene Cherry brought two suits against prison officials and medical professionals at the Wisconsin Secure Program Facility (WSPF), alleging in each suit that he was denied adequate

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

medical care. The district court consolidated the cases and granted summary judgment for the defendants on all claims. Cherry filed three appeals relating to these cases–an interlocutory appeal from one of the cases (No. 03–1374) and separate appeals from the summary judgment rulings in each case (Nos. 03–2885 & 03–2886). We consolidated these appeals, and now affirm the district court's summary judgment rulings in appeal nos. 03–2885 and 03–2886 and dismiss appeal no. 03–1374 for lack of jurisdiction.

*Deliberate Indifference Claims*

Cherry filed district court case no. 02–C–394–C in July 2002 (Appeal No. 03–2886) and district court case no. 02–C–544–C in October 2002 (Appeal No. 03–2885). In both cases, Cherry claimed that medical staff and prison officials were deliberately indifferent to his medical needs when, on numerous occasions, staff refused to dispense his prescribed medication. The only difference between the two suits is that the specific incidents cited in each complaint occurred on different dates and involved different staff.

The relevant facts in these cases are not disputed. Cherry suffers from two chronic conditions. One condition is a stomach infection due to "H-pylori bacteria," which can cause severe stomach pain and reflux. The growth of bacteria can be treated with antibiotics, but it often recurs. Cherry also suffers from genital herpes, which can cause outbreaks of painful lesions and rashes. There are antiviral medications that can shorten an outbreak of the herpes symptoms. Doctors at the prison prescribed antibiotics to treat Cherry's stomach infection and antiviral medication to treat his herpes symptoms.

The defendants concede that medical staff, at the direction of correctional officers, did not dispense the prescribed medication to Cherry on a number of occasions.

According to the defendants, the medication was not dispensed either because defendant verbally refused the medication or because he "engaged in behavior which, according to WSPF policy at the time, was to be construed as a refusal to accept medication." WSPF has a policy that all inmates, in order to receive medication during a "medication pass," must stand at their cell doors, have their cell lights on, and be clothed in trousers or gym shorts. If an inmate does not comply with these rules, he has "refused" medication, and medical staff will not dispense it. Cherry admits that he "exposed his genitals on numerous occasions to the nurse appellees" during the medication pass, but states that he did this "to show them the lesions and blisters, in an attempt to get medical help."

The district court did not determine whether the defendants acted willfully or wantonly in withholding Cherry's medication, holding that regardless of the defendants' intentions, Cherry's claims failed because he did not show that he was injured by the denial of medication. Accordingly, the court held, the defendants were entitled to summary judgment.

Cherry's only argument on appeal is that defendants acted willfully and wantonly when they withheld his medication because his genital exposure was an earnest attempt to get a medical opinion on the status of his symptoms. But the district court, in granting summary judgment, held that regardless of the defendants' mental state Cherry's claims failed because Cherry did not show that he was injured by the defendants' actions. Because Cherry has presented no argument that challenges the basis for the district court's ruling, his appeals fail. *See Anderson v. Hardman*, 241 F.3d 544, 545–46 (7th Cir.2001) (appeal failed where the pro se appellant offered

no basis for disturbing the district court's judgment).

■ Additionally, Cherry's assertion that the defendants acted willfully and wantonly is baseless. Prison staff act with deliberate indifference if they cause the "unnecessary and wanton infliction of pain" by "intentionally denying or delaying access to medical care," including refusing to carry out a doctor's prescribed treatment in the face of a substantial risk to an inmate's health. *Estelle v. Gamble,* 429 U.S. 97, 104–05, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Walker v. Benjamin,* 293 F.3d 1030, 1040 (7th Cir.2002). Here, however, Cherry himself interfered with the medication-dispensing process. Cherry admits that he understood and was physically able to comply with the rules for receiving medication, and he knew that the defendants would treat his noncompliance as a refusal to accept medication. He also understood that the medical-staff defendants were at his cell only to dispense medication, and he does not assert that he ever needed emergency care during the medication passes. Cherry, for whatever reason, consciously chose to refuse to follow protocol and understood the consequences of that choice. As a result, the defendants were justified in treating his actions as a refusal to accept his medication. Because Cherry refused medication by electing to violate the rules, the defendants did not act with deliberate indifference in not dispensing his medication. *See Hernandez v. Keane,* 341 F.3d 137, 147 (2d Cir.2003) (no deliberate indifference where doctors attempted to provide post-operative treatment but inmate declined some of the treatment); *Watkins v. City of Battle Creek,* 273 F.3d 682, 686 (6th Cir.2001) (staff were not deliberately indifferent in failing to treat detainee when he denied need for treatment and staff did not force him to accept treatment); *Logan v. Clarke,* 119 F.3d 647, 650 (8th Cir.1997) (doctor was not deliberately indifferent when inmate did not follow treatment instructions).

*Retaliation Claim*

We now turn to Cherry's interlocutory appeal (Appeal No. 03–1374). In district court case no. 02–C–544–C, after defendants answered Cherry's complaint, Cherry filed a motion that he labeled "motion for preliminary injunction." The motion sought injunctive relief, raising for the first time a claim that because he had filed his deliberate indifference suit, prison staff had retaliated against him by putting staples and needles in his food. Because Cherry had not presented the retaliation claim in his complaint, the district court did not reach the merits of Cherry's motion, stating that it was the court's "policy to require plaintiff to present the [retaliation] claim in a lawsuit separate from the one that is alleged to have provoked the retaliation." Cherry then brought this interlocutory appeal arguing that the district court should have granted him injunctive relief on his retaliation claim. A month after filing the interlocutory appeal, however, Cherry followed the district court's instruction and brought a separate suit in which he proceeded on the identical retaliation claim and sought the same injunctive relief. He filed a motion for a preliminary injunction in that separate suit, and the district court, after an evidentiary hearing, denied it on the merits. We affirmed in an unpublished order. *See Cherry v. Frank,* No. 03–3072, 2003 WL 22977491 (7th Cir. Dec.16, 2003).

■ While Cherry proceeded on his retaliation claim in that separate suit, this previously filed interlocutory appeal remained pending. We now dismiss it for lack of jurisdiction. The district court, by refusing to consider Cherry's retaliation claim in case no. 02–C–544–C, effectively

treated Cherry's motion as if it had been a request to amend his complaint to add a new claim. And although Cherry immediately appealed the court's denial of his motion, arguing that the court should have considered his claim on the merits, he subsequently refiled the claim and received an adjudication on the merits. Because the court's order did not extinguish Cherry's claim, the order was not an appealable "final decision" of the district court. *See* 28 U.S.C. § 1291; *see also Larkin v. Galloway*, 266 F.3d 718, 721 (7th Cir.2001) (plaintiff cannot appeal dismissal without prejudice if he is free to refile his claims). And because Cherry still had injunctive relief available in the district court, the court's order was not appealable under the narrow exception for denials of injunctive relief under 28 U.S.C. § 1292(a)(1). *See Albert v. Trans Union Corp.*, 346 F.3d 734, 739 (7th Cir.2003) (district court's denial of injunctive relief is not appealable under § 1292(a)(1) if "substantial and similar relief" is still available to the plaintiff).

For the reasons above, we AFFIRM the summary judgment rulings in appeal nos. 03–2885 and 03–2886, and DISMISS appeal no. 03–1374 for lack of jurisdiction.