James A. PERRY, Plaintiff–Appellant,

v.

MICHELIN NORTH AMERICA, INC., et al., Defendants–Appellees.

No. 03–3391.

United States Court of Appeals, Seventh Circuit.

Submitted June 17, 2004.*

Decided June 17, 2004.

James A. Perry, Fort Wayne, IN, pro se.

Cathleen M. Shrader, Barrett & McNagny, Fort Wayne, IN, William H. Schmelling, United Steelworkers of America, Bridgeview, IL, for Defendants–Appellees.

Before DIANE P. WOOD, EVANS, and WILLIAMS, Circuit Judges.

## ORDER

James Perry sued his former employer, Michelin North America, under the Rehabilitation Act, 29 U.S.C. § 794, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e–17. Perry, who is African–American and suffers from a speech impediment, high blood pressure, and migraine headaches, alleged that Michelin discriminated against him based on race and his disabilities by imposing a disciplinary suspension, creating a hostile work environment, retaliating against him for filing complaints with the EEOC, and

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

forcing him to retire early. Perry also sued his union, United Steelworkers of America Local 715 (the "Union"), for discriminating against him based on race when it refused to arbitrate the grievance he filed challenging the disciplinary suspension. The district court granted summary judgment on all of Perry's claims, and we affirm.

Perry's *pro se* brief on appeal is a rambling document that recounts a history of racist remarks made by Michelin employees, Michelin's refusal to accommodate his high blood pressure and migraine headaches, and the Union's decision not to arbitrate on his behalf. Perry contends that the district court overlooked these facts, and as a result reached an incorrect decision. But many of the facts recited by Perry were stricken by the district court because they were not submitted in compliance with Rules 26(a) and 56(e) of the Federal Rules of Civil Procedure. Some of the facts Perry points to were included in witness affidavits; the district court struck those affidavits because the witnesses were not disclosed during discovery, as required by Rule 26(a). Other facts were included in Perry's affidavit and were stricken because they were not based on personal knowledge, were conclusory, or would not have been admissible at trial, in violation of Rule 56(e). Nowhere in his brief does Perry explain how the district court's evidentiary rulings were incorrect. Nor does Perry develop any argument explaining how the district court erred in concluding that the evidence he properly presented did not establish discrimination. Further, Perry provides no citations to legal authorities or documents in the record to support his argument, as he must to comply with Federal Rule of Appellate Procedure 28(a)(9). Perry's "generalized assertion[s] of error" are insufficient to comply with Rule 28(a)(9), and we "cannot fill the void by crafting arguments and performing the necessary legal research"

for him. *See Anderson v. Hardman,* 241 F.3d 544, 545 (7th Cir.2001).

Construing Perry's *pro se* brief liberally, *see id.,* we can discern a generalized argument that Perry's trial counsel's ineffective assistance sabotaged his case. But a claim of ineffective assistance of counsel is not proper grounds for reversal in civil matters. *See Stanciel v. Gramley,* 267 F.3d 575, 581 (7th Cir.2001). Perry's remedy for his counsel's allegedly negligent behavior is a malpractice action against his counsel, not another shot at a trial against Michelin and the Union. *Id.* Since we can discern no other arguments from Perry's brief, this appeal is AFFIRMED.