Jerome JOHNSON, Plaintiff–Appellant,

v.

RUSSELL–STANLEY CORP., Defendant–Appellee.

No. 04–2672.

United States Court of Appeals, Seventh Circuit.

Submitted Dec. 20, 2004.*

Decided Dec. 21, 2004.

---

* After an examination of the briefs and the record, we have concluded that oral argument· is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Jerome Johnson, Westchester, IL, pro se.

Kathy Perkins, Kansas City, MO, for Defendant–Appellee.

Before COFFEY, EASTERBROOK, and MANION, Circuit Judges.

### ORDER

Jerome Johnson, an African–American, filed this lawsuit after he was fired by the Russell–Stanley Corporation. Johnson, a quality control inspector at a Russell–Stanley drum manufacturing plant, alleged that Russell–Stanley violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*, by failing to promote him and terminating him because of his race. Johnson also raised state law claims, including retaliatory discharge and spoliation of evidence. The district court granted summary judgment for Russell–Stanley on both Johnson's Title VII and state law claims. As to the Title VII claims, the district court reasoned that Johnson did not exhaust administrative remedies in regard to his failure-to-promote claim and did not present any evidence of discrimination to support his termination claim. For Johnson's state law claims, the district court ruled that he offered no evidence that the reason for his termination offered by Russell–Stanley—falsification of drum test reports—was pretextual. Similarly, because the allegedly missing evidence could not demonstrate that the reason for Johnson's termination was pretextual, the district court ruled that Johnson failed to establish a required element of a spoliation claim: that but for the destruction of the evidence he had a reasonable probability of prevailing in his suit.

On appeal Johnson does not challenge the district court's conclusions or present any legal argument but instead describes briefly the nature of his work assignment and makes unsupported statements that he was a victim of discriminatory treatment. Johnson's presentation lacks citations to the record or legal authority, and thus fails to comply with Federal Rule of Appellate Procedure 28(a)(9), which requires even pro se litigants to submit a brief containing cognizable arguments with supporting citations. *See Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir.2001).

DISMISSED