**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted December 13, 2005[*]
Decided December 14, 2005

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 05-2369

| | |
|---|---|
| MIRANDA D. CHAUDHRY, <br> *Plaintiff-Appellant,* <br><br> *v.* <br><br> FORD MOTOR COMPANY and <br> NATALIE DAHRINGER, <br> *Defendants-Appellees.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division <br><br> No. 04 C 5669 <br><br> Matthew F. Kennelly, <br> *Judge.* |

**O R D E R**

Miranda Chaudhry sued her former employer, Ford Motor Company, for employment discrimination in 2003.  The parties participated in a settlement conference before a magistrate judge and reached a binding settlement agreement.  The parties signed the agreement, but within days Chaudhry objected in writing to the agreement and later filed a motion contesting its validity.  The district judge

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record.  *See* Fed. R. App. P. 34(a)(2).

concluded that Chaudhry had voluntarily settled the claims, overruled Chaudhry's objection, and denied the motions to invalidate the settlement agreement.

Chaudhry promptly filed another suit in federal court against Ford Motor Company and Natalie Dahringer, a Ford human resources representative, alleging sex discrimination, constructive discharge, and retaliation. The district judge construed Chaudhry's claims to be the same as the ones she brought in the previous action and thus barred because they were resolved by the settlement agreement. The court granted Ford's motion for summary judgment.

Appealing pro se, Chaudhry fails to present any relevant legal argument or otherwise challenge the district court's conclusions in her second suit. Instead she devotes most of her brief to describing the first proceeding; she reproduces verbatim the text of the settlement agreement, the docket sheet, her complaint, court orders, and portions of transcripts from her appearances before the magistrate judge. Even a pro se litigant like Chaudhry must identify a basis for overturning the district court's judgment and support her argument with citations to the record and relevant legal authority. *See Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001); Fed. R. App. P. 28(a)(9). Chaudhry has provided no cognizable argument and, accordingly, her appeal is DISMISSED.