UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 2, 2006[*]
Decided August 21, 2006

**Before**

Hon. RICHARD D. CUDAHY, *Circuit Judge*

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 05-1148

| | |
|---|---|
| GREGORY R. MCGEE,<br>    *Plaintiff-Appellant,* | Appeal from the United States District<br>Court for the Western District of Wisconsin. |
| *v.* | No. 03 C 745 |
| WISCONSIN BELL,<br>INCORPORATED,<br>    *Defendant-Appellee.* | Barbara B. Crabb,<br>*Chief Judge.* |

**O R D E R**

Wisconsin Bell, Inc., terminated Gregory McGee, a probationary employee, in July 2001 for poor performance. McGee then brought suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, claiming that Wisconsin Bell discriminated against him on the basis of his gender and race in creating a hostile work environment, failing to accommodate his request for an ergonomic chair, and

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

ultimately firing him.  The district court granted summary judgment for Wisconsin Bell.  We affirm.

McGee, who is black, began working for Wisconsin Bell in January 2001 as the only male technical associate in the field dispatch center in Madison, Wisconsin. Once hired by Wisconsin Bell, McGee was subject to the initial six-month probationary period for new employees.  His principal duty was processing "tickets," which are customer service requests and repair and installation orders.  Each technical associate is given a daily list of tickets that must be reviewed and assigned to technicians at one of the approximately 120 regional offices.

In May 2001, Brian Washington began supervising McGee and noticed errors in his ticket assignments.  Washington met with McGee and McGee's trainer, Joann Malec, to discuss the errors and McGee's continued training.  McGee explained that he believed he was making errors because Malec was pushing him to work too quickly.  Washington instructed McGee to focus on accuracy over speed in assigning tickets and suggested that McGee take notes during his remaining training so that he could refer to them as needed.

Over the next two months McGee continued to make errors in assigning tickets.  Washington continued to instruct McGee to focus on accuracy over speed. Washington also imposed progressive corrective disciplinary action in order to encourage improvement in McGee's performance.  But throughout June the frequency of McGee's errors increased.  Washington ultimately suspended McGee for one day and told him that, when he returned to work, his ticket list would be monitored and he could have no more than five errors during the next five workdays.  McGee exceeded the allowed number of errors and Washington fired him.

One of the incidents that arose during McGee's employment was the denial of his request for an ergonomic work station, which he maintained would help him avoid aggravating his back pain from sacro-illiac joint dysfunction.  McGee's request was denied because he failed to provide sufficient medical records, as required by Wisconsin Bell's company policy regarding requests for workplace accommodations.

McGee filed his discrimination suit in December 2003.  He alleged that, because he was an African-American male, he was (1) subjected to a hostile working environment; (2) denied his requested workplace accommodation; and (3) terminated.  The district court granted summary judgment for Wisconsin Bell.  The court concluded first that the "harassment" to which McGee was subject was not so severe and pervasive as to alter the conditions of his employment and create a hostile work environment.  Next, because McGee did not present any direct or circumstantial evidence of discrimination, the court proceeded to analyze his

termination claim under the indirect method set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). The court determined that McGee could not make out a prima facie case of discrimination because he did not show that he was meeting Wisconsin Bell's legitimate employment expectations or that he was treated differently from similarly situated employees not in his protected class, and, in any event, McGee failed to show that the reasons for his discharge were pretextual. As for his failure-to-accommodate claim, the court found that Wisconsin Bell denied McGee's request for an ergonomic chair because he did not submit the requisite medical documentation and McGee had not shown that reason to be pretextual.

We review a grant of summary judgment *de novo*, construing all facts and drawing all reasonable inferences in favor of the non-moving party. *Cardoso v. Robert Bosch Corp.*, 427 F.3d 429, 432 (7th Cir. 2005) (citations omitted). Summary judgment is appropriate if the moving party demonstrates that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those that might affect the outcome of the case under the applicable substantive law. *Alexander v. City of South Bend*, 433 F.3d 550, 554 (7th Cir. 2006).

McGee's pro se brief is difficult to parse. We are not certain what specific errors he identifies in the district court's judgment, *see Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001), but construing his brief liberally we can possibly discern two issues for review.

McGee first appears to argue that the district court improperly resolved his hostile work environment claim without considering certain disciplinary letters which he claims that Wisconsin Bell placed in his personnel file. He asserts that these letters are material to his hostile-work-environment claim because they were "bogus" and demonstrate that the company deliberately harassed him. These letters, if they exist, were not a part of the summary judgment record so we decline to consider them. *See Hildebrandt v. Ill. Dep't of Natural Resources*, 347 F.3d 1014, 1024-25 (7th Cir. 2003) (confining review of grant of summary judgment to "only those matters that were before the district court when it entered the judgment").

McGee also appears to argue that the district court incorrectly concluded, with regard to his termination claim, that he could not make out a prima facie case of discrimination because he failed to show that he was treated differently from a similarly situated employee outside his protected class. He argues that Margaret Westrich was similarly situated to him because she started shortly after he did, but was not placed on a one-mistake-per-day standard and was not terminated. McGee makes this argument for the first time on appeal, and therefore it is waived. *Republic Tobacco v. N. Atl. Trading Co., Inc.*, 381 F.3d 717, 728 (7th Cir. 2004). But

for the sake of completeness we note that Ms. Westrich is not similarly situated to McGee; there is no evidence in the record that she, or any other technical associate, made mistakes of the type and frequency McGee made. In any event, even if McGee could show that Westrich were similarly situated to him, he still would be unable to make out a prima facie case of discrimination because he has not challenged the court's determination that he was not meeting Wisconsin Bell's legitimate employment expectations. *See, e.g., Moser v. Ind. Dep't of Corr.*, 406 F.3d 895, 901 (7th Cir. 2005) (holding grant of summary judgment appropriate where plaintiff failed to establish legitimate expectations element of prima facie case).

AFFIRMED