SYKES, Circuit Judge,
dissenting.
I would dismiss this appeal for noncompliance with Rule 28 of the Federal Rules of Appellate Procedure. Linda Johns’s appellate brief consists of four pages of generalized assertions of discrimination on the part of Laidlaw Education Services and a rambling account of her shoulder surgery and the light duty work assignment Laid-law provided during her recuperation. It *572 contains no legal argument or citation to supporting legal authority or record evidence. Rule 28 requires that an appellant’s brief contain (among other things) an argument that is more than a generalized assertion of error, with citation to supporting legal authority and the record evidence on which the appellant relies. Fed. R.App. P. 28(a)(9); Anderson v. Hardman, 241 F.3d 544, 545 (7th Cir. 2001). The rule promotes the evenhanded administration of justice and “applies equally to pro se litigants.” Id. Where, as here, a pro se litigant fails to comply with the rule, “we cannot fill the void by crafting arguments and performing the necessary legal research.” Id. Although pro se filings are liberally construed in favor of providing appellate review, “pro se litigants should expect that noncompliance with Rule 28 will result in dismissal of the appeal.” Id. Laidlaw argues as a threshold matter that Johns’s appellate brief is inadequate under Rule 28, warranting dismissal. I agree, and would dismiss the appeal for noncompliance with Rule 28.