NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 20, 2007[*]
Decided March 21, 2007

**Before**

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 06-1572

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Western Division |
| *v.* | No. 05 CR 50013 |
| JOHN H. BELL, *Defendant-Appellant.* | Philip G. Reinhard, *Judge.* |

**O R D E R**

John Bell was convicted after a jury trial of one count of filing a false income tax return and three counts of assisting others with the preparation of false income tax returns, *see* 26 U.S.C. §§ 7206(1); (2), and was sentenced to a prison term of 56 months. We previously granted Bell's motion to dismiss his appointed counsel. Proceeding pro se, Bell now appeals his conviction and sentence. We affirm.

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

Bell operated two businesses in Rockford, Illinois. The first, Real Estate Investors, Inc. ("REI"), bought, renovated and sold homes. The second, Bell's Income Tax Service, prepared income tax returns for a fee. For several years, Bell provided two part-time REI employees with W-2 forms that showed inflated wages and falsely indicated that federal income taxes had been withheld. Bell used the false W-2 forms to prepare federal income tax returns for the two employees. He also filed a false return for himself. After a jury trial, Bell was convicted of four counts of tax fraud.

At sentencing, Bell's counsel objected to the presentence report's calculation of a tax loss in excess of $40,000 for tax years 1996 and 1997. *See* U.S.S.G. § 2T4.1(H) (1998). After considering various documents and the testimony of an IRS agent, the district court accepted the PSR's tax-loss calculation. Bell also objected to the PSR's recommended two-level increase under U.S.S.G. § 3B1.1(c) on the ground that he was not the organizer or leader of the tax fraud scheme. But based on the testimony and other evidence adduced at trial, the court applied a four-level increase under § 3B1.1(a) for Bell's leadership role in the scheme. The total offense level of 19 and criminal history category of IV yielded a guidelines imprisonment range of 46 to 57 months, and the court imposed a sentence for the four offenses totaling 56 months' imprisonment.

On appeal, Bell's brief identifies—most for the first time—eleven challenges to his conviction and sentence, including jurisdictional errors, allegations of vindictive prosecution and abuse of authority by the IRS, a double jeopardy violation, errors in the sentencing calculation, and error for failing to hold a hearing on his ineffective assistance of counsel claims. But he mentions these challenges only in perfunctory fashion. He does not elaborate why be believes the district court erred, nor does he develop his arguments with citations to legal authority or the record. *See* Fed. R. App. P. 28(a)(9)(A); *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). Moreover, Bell waived the issues he now seeks to raise on appeal, except for his assertion that the tax loss was miscalculated, by failing to make the appropriate objections or motions before the district court. *Estremera v. United States*, 442 F.3d 580, 587 (7th Cir. 2006).

However, we can discern at least two arguments that warrant discussion. First, Bell asserts in only a generalized claim of error that the district court miscalculated the tax loss for sentencing purposes. But the district court's tax-loss calculation was based on credible evidence, including the fraudulent tax returns and the sworn testimony of two IRS agents and several people for whom Bell prepared fraudulent returns, and we can identify no clear error in the calculation. *See United States v. Olson*, 450 F.3d 655, 683–84 (7th Cir. 2006).

Next, Bell asserts for the first time that the district court used the wrong sentencing guidelines' table to determine his offense level and criminal history category. Bell presumably means to suggest that the district court committed an ex post facto violation by applying the 1998 guidelines in effect at the time he committed the offenses rather than the 2003 version in effect at the time of sentencing. *United States v. Booker*, 543 U.S. 220 (2005), however, rendered the guidelines advisory, and thus there can no longer be an ex post facto violation arising out of a sentencing court's application of the guidelines. *United States v. Demaree*, 459 F.3d 791, 792–95 (7th Cir. 2006). In any event, the 2003 version of the guidelines that Bell seeks to apply would have set his base offense level at 14—one level higher than that under the more lenient 1998 version that the court applied. *See* U.S.S.G. § 2T4.1(E) (2003). Thus, Bell actually benefitted from the court's application of the 1998 guidelines.

Accordingly, the conviction and sentence are AFFIRMED. Bell's motion for a judgment of aquittal or a new trial is DENIED.