NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted April 17, 2007[*]
Decided April 18, 2007

**Before**

Hon. FRANK H. EASTERBROOK, *Chief Judge*

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

No. 06-3299

| | |
|---|---|
| RONALD ALEXANDER,<br>    *Plaintiff-Appellant*,<br><br>    *v.*<br><br>UNIFIED SOLUTIONS,<br>    *Defendant-Appellee*. | Appeal from the United States<br>District Court for the Eastern<br>District of Wisconsin.<br><br>No. 03 C 157<br><br>Charles N. Clevert, Jr.,<br>    *Judge*. |

**O R D E R**

Ronald Alexander, a former stock handler for Unified Solutions filed a *pro se* suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., alleging that the company paid him less than it paid white employees and denied him two promotions because he is African-American.  The district court, mindful of Alexander's *pro se* status, liberally construed his filings.  Even so, it entered summary judgment in Unified Solutions's favor based on undisputed evidence demonstrating that the white employees who were paid more than Alexander were not similarly situated and that Alexander was denied promotions based on his

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

checkered work history, which included multiple warnings for unsatisfactory performance.

   Although we likewise construe a *pro se* litigant's filings liberally, we still demand that all litigants comply with Fed. R. App. P. 28(a)(9)(A), which requires briefs to contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." *See Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). Alexander's two-page submission fails this standard. It is composed of only fourteen questions mainly asking whether certain events occurred. Alexander fails to propose answers, let alone cite to the record in support of such answers. He makes one attempt to raise a legal question when he asks whether Unified Solutions violated Wisconsin's fair employment law by basing his level of compensation on his race, but this one-sentence query is also unanswered and undeveloped. *See United States v. Griffin*, 194 F.3d 808, 828 n.12 (7th Cir. 1999) ("Single-sentence attempts at appellate argument simply are not sufficient to preserve an issue for appellate review.") Alexander simply provides no basis for disturbing the district court's decision. In any event, because that decision rests on Unified Solutions's undisputed evidence that they paid Alexander commensurate with his job title and denied him promotions based on his spotty work record, we can find no error. *See Jordan v. City of Gary*, 396 F.3d 825, 834-835 (7th Cir. 2005); *Dandy v. United Parcel Service*, 388 F.3d 263, 274 (7th Cir. 2004). In light of Alexander's violation of Fed. R. App. P. 28(a)(9)(A), the appeal is

                                                                     DISMISSED.