**Bobby J. ANDERSON, Plaintiff–Appellant,**

v.

**Alfred HARDMAN, et al., Defendants–Appellees.**

No. 00–1171.

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 22, 2000.

Decided Feb. 23, 2001.*

---

* The appellees notified this court that they were not served with process in the district court and would not be participating in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Accordingly, the appeal is submitted on the appellant's brief and the record. Fed. R. App. P. 34(a)(2).

Bobby J. Anderson (submitted), Menard, IL, pro se.

Before FLAUM, Chief Judge, and RIPPLE and ROVNER, Circuit Judges.

ILANA DIAMOND ROVNER, Circuit Judge.

Illinois inmate Bobby Anderson filed a pro se civil rights suit under 42 U.S.C. § 1983, alleging that various state and federal correctional officers conspired to have him "unlawfully detained" in federal custody from 1986 to 1989 on the basis of a "falsified indictment." The district court dismissed Anderson's complaint under 28 U.S.C. § 1915A(b)(1) for failure to state a federal claim, and Anderson appeals.

■ Mindful that pro se pleadings are held to less exacting standards than those prepared by counsel and are to be liberally construed, *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam); *McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir.2000), the district court extensively analyzed Anderson's complaint under a variety of theories before concluding that it failed to state a federal claim. We too construe pro se filings liberally, *Whitford v. Boglino*, 63 F.3d 527, 535 n.10 (7th Cir.1995) (per curiam), but still we must be able to discern cogent arguments in any appellate brief, even one from a pro se litigant. Rule 28 of the Federal Rules of Appellate Procedure so requires—a brief must contain an argument consisting of more than a generalized assertion of error, with citations to supporting authority. Fed. R. App. P. 28(a)(9)(A); *Mathis v. New York Life Ins. Co.*, 133 F.3d 546, 548 (7th Cir.1998) (per curiam); *United States ex rel. Verdone v. Circuit Court*, 73 F.3d 669, 673 (7th Cir. 1995) (per curiam). Yet Anderson offers no articulable basis for disturbing the district court's judgment. Instead, he simply repeats certain allegations of his complaint and cites one irrelevant case.

■ We are cognizant of the unique challenges facing pro se litigants and are generally disposed toward providing a litigant the benefit of appellate review. But we must also insist on compliance with procedural rules such as Rule 28 to promote our interest in the uniform administration of justice. *McNeil v. United States*, 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993) ("[I]n the long run, experience teaches that strict adherence to procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." (internal quotations and citation omitted)); *Members v. Paige*, 140 F.3d 699, 702 (7th Cir.1998) ("[R]ules apply to uncounseled litigants and must be enforced."). Rule 28 applies equally to pro se litigants, and when a pro se litigant fails to comply with that rule, we cannot fill the void by crafting arguments and performing the necessary legal research, *see Pelfresne v. Village of Williams Bay*, 917 F.2d 1017, 1023 (7th Cir.1990). Indeed, we have previously warned that pro se litigants should expect that noncompliance with Rule 28 will result

in dismissal of the appeal. *McCottrell v. EEOC*, 726 F.2d 350, 351 (7th Cir.1984). Anderson points us to no error, and we see no obvious errors. The appeal is therefore

Dismissed.