**Zuri Mapenzi XE, Plaintiff–Appellant,**

v.

**BALLY TOTAL FITNESS CORPO- RATION, Defendant–Appellee.**

No. 01–2461.

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 19, 2001.*

Decided Nov. 20, 2001.

Before Hon. BAUER, Hon. EASTERBROOK, and Hon. TERENCE T. EVANS, Circuit Judges.

## ORDER

Zuri Mapenzi Xe appeals the district court's *sua sponte* dismissal of her Title VII lawsuit against her former employer, Bally Total Fitness. The court dismissed her suit because Xe's employment contract with Bally required her to resolve employment disputes via arbitration. We affirm.

Xe is a pro se litigant, and we construe pro se filings liberally. *Whitford v. Boglino*, 63 F.3d 527, 535 n. 10 (7th Cir.1995). But even pro se litigants are required to include legal argument and some supporting authority in their briefs. *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). Federal Rule of Appellate Procedure 28(a)(9)(A) requires the appellant's brief to contain the appellant's "contentions and the reasons for them, with citations to the authorities" and the record. Xe's brief asserts that the arbitration agreement violated her rights, but does not explain how, does not cite to legal authorities or the record, and does not propose a basis for concluding that the district court erred in dismissing her case. Because her brief fails to meet the basic requirements outlined in Rule 28(a)(9)(A), the district court's dismissal is AFFIRMED.

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).