Eric G. NASH, Petitioner–Appellant,

v.

Jon E. LITSCHER, et al., Respondents–Appellees.

No. 02–1705.

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 23, 2002.*

Decided Oct. 30, 2002.

Before FAIRCHILD, EVANS, and WILLIAMS, Circuit Judges.

## ORDER

Eric Nash, an inmate currently imprisoned at Columbia Correctional Institution, filed a *pro se* complaint under 42 U.S.C. § 1983 against Wisconsin Department of Corrections officials and corrections officers, alleging numerous violations of his constitutional rights. He appeals the district court's dismissal of his claim that respondents violated his due process rights when they transferred him to Supermax Correctional Institution in Wisconsin (SMCI) and prevented him from challenging his continued confinement. We affirm.

Nash's § 1983 claims arise from his transfer from Whiteville Correctional Facility in Tennessee to SMCI. After a riot occurred at Whiteville, unnamed correctional officers informed Nash that he would be transferred to SMCI. Nash objected to this transfer and complained to the officers that he had not been given a transfer hearing, presumably under Wis. Adm.Code § DOC 302.17, and could not be transferred because he had done nothing wrong.

After arriving at SMCI, Nash was placed in program segregation. A couple months later, he received notice that he would be given an administrative confinement hearing (the record does not specify the reason for this hearing, though it apparently related to the Whiteville riot). Nash requested permission to present four witnesses who could prove that he was not involved in the riot. His request was denied as to three witnesses, but the fourth was permitted to give a written statement. The administrative confinement committee affirmed Nash's administrative confinement without considering the statement, and Warden Gerald Berge remanded for inclusion of the written witness statement. The committee affirmed the confinement without considering the statement, and the Warden remanded again. The Warden eventually affirmed the confinement once the committee considered the statement. During this process, Nash filed several unsuccessful inmate complaints regarding his confinement and the inmate review process.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

While Nash challenged his placement at SMCI through administrative channels, other inmates who were transferred to SMCI after the riot brought a certiorari claim in Wisconsin state court challenging the procedural adequacy of a disciplinary hearing held at the Whiteville facility and the Wisconsin Department of Corrections' reliance on the findings from that hearing in subsequent proceedings. *See State of Wisconsin ex rel. Curtis v. Litscher*, 650 N.W.2d 43, 48 (Wis.Ct.App.2002), *petition for rev. filed* (July 22, 2002). The Wisconsin court held that the disciplinary findings could not be used in placement review, but they could be relied upon if independently proven at the placement hearing. *Id.* at 50. As a result of that litigation, Nash maintains that the Wisconsin Department of Corrections ultimately investigated the Whiteville incident, found that Nash and the other inmates were unlawfully confined at SMCI, and transferred Nash to another prison.

Nash filed this lawsuit, raising a litany of claims, among them that respondents violated his due process rights when they transferred him to SMCI without a Program Review Committee hearing, held him in segregation at SMCI without permitting him to present evidence and witnesses at an administrative confinement hearing, failed to maintain an adequate inmate complaint review system, and deprived him of the prison wages he could have earned at Whiteville. He also claimed that the respondents subjected him to unreasonable searches in violation of the Fourth Amendment when they repeatedly subjected him to strip searches and cell searches; violated his Eighth Amendment right to be free from cruel and unusual punishment when they imposed unreasonable prison conditions; and infringed upon his Fourteenth Amendment right to access the courts when they conspired to delete references in their records to the reasons why he was transferred to SMCI.

The district court denied Nash's request for leave to proceed *in forma pauperis* as to his due process claims regarding his transfer to and continued confinement at SMCI, his conditions of confinement claim, his unreasonable searches claim, and his access to the courts claim because he failed to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). The court also denied leave to proceed *in forma pauperis* as to his due process claims regarding the inmate complaint review system and his loss of pay and as to his conspiracy claim because they were legally frivolous. *Id.* § 1915(e)(2)(B)(i).

At the outset, we note that Nash has waived some of his claims on appeal for failure to develop an argument in his opening brief. *See Park v. City of Chicago*, 297 F.3d 606, 616 n. 8 (7th Cir.2002). Even though he details facts relating to the allegedly unreasonable searches and conditions of confinement in his opening brief, and later develops an argument regarding these claims in his reply brief, Nash only develops two claims in his opening brief: his due process claims for his initial transfer to SMCI without a hearing, and his continued custody at SMCI without the opportunity to present evidence and witnesses as to why the placement was improper. *Id.* Although Nash proceeds *pro se* and his pleadings must be liberally construed, he must still comply with Federal Rule of Appellate Procedure 28(a)(9)(A), which requires appellants to set forth their contentions with the district court's ruling and the reasons for them. *See Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001).

Nash challenges the district court's dismissal of his claims that he was entitled to a placement hearing before being transferred to SMCI and that he was entitled to present witnesses to contest his placement at SMCI. We review the dismissal of these

claims *de novo*, taking the facts in the light most favorable to Nash. *DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir.2000). To prevail on a due process claim, Nash must prove that he has a protected liberty interest and that due process was not given. *Sandin v. Conner*, 515 U.S. 472, 487, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995); *Siebert v. Severino*, 256 F.3d 648, 659 (7th Cir. 2001). But Nash does not have a liberty interest in his prison placement. *Whitford v. Boglino*, 63 F.3d 527, 532 (7th Cir.1995). Since Nash does not have a liberty interest, he was not entitled to due process before his transfer to and continued placement at SMCI. *Id.; see also Sandin*, 515 U.S. at 487; *Meachum v. Fano*, 427 U.S. 215, 224–25, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976). Nash, therefore, fails to state a claim upon which relief can be granted.

AFFIRMED.