ORDER
A federal bankruptcy court sanctioned Paula Johnson for violating an automatic bankruptcy stay, see 11 U.S.C. § 362, after she continued collection efforts in state court against debtors Vinton and Marretha Harris. The district court affirmed the bankruptcy court’s order. Johnson appeals, but we dismiss her appeal for failure to comply with Federal Rule of Appellate Procedure 28(a)(9).
In December 2000 Johnson obtained a judgment in state court for $7,784 against Vinton Harris and a sole proprietorship he owned, East Gate Hauling Co., for a defaulted loan. To collect on that judgment, Johnson later filed in state court a “Citation to Discover Assets” against Harris, Marretha (his wife), and East Gate. In January 2001 the Harrises filed a petition for bankruptcy in federal bankruptcy court, and the state court stayed Johnson’s case pending further bankruptcy proceedings. Johnson then filed a motion in state court opposing the order to stay. Counsel for the Harrises notified Johnson by mail that she may be violating the automatic stay imposed in bankruptcy court, 11 U.S.C. § 362(a), and warned her that she could be sanctioned by that court, § 362(h). Johnson continued collection efforts, seeking a number of continuances for a hearing on her motion and requesting that Vinton and the Harrises’ counsel be brought before the state court for charges of contempt.
The Harrises countered by filing a motion in bankruptcy court for contempt and sanctions against Johnson. Following a hearing, the bankruptcy judge found that Johnson was willfully continuing to pursue collection efforts in violation of 11 U.S.C. *542 § 862. Accordingly, the judge found her hable for $166.25 in lost wages (for Vinton) and $913.45 in costs and attorney’s fees. The court also awarded $3,000 in punitive damages. Johnson sought review of the bankruptcy judge’s order in federal district court. The district court affirmed the order, concluding that her brief failed to comply with Federal Rule of Appellate Procedure 28(a)(9) because it merely repeated allegations, discussed issues unrelated to the bankruptcy court’s order, and did not contain developed arguments, relevant legal citations, or citations to the record. The court also noted that it had reviewed the record, including a transcript of the hearing, and found no legal or factual errors.
Johnson now appeals that decision to us, but she does not discuss the district court’s judgment at all. Instead, she has submitted virtually the same brief as the one she submitted to the district court; her argument section again merely repeats allegations and fails to contain any developed arguments, relevant legal citations, or citations to the record. Her brief, therefore, fails to comply with Federal Rule of Appellate Procedure 28(a)(9). Anderson v. Hardman, 241 F.3d 544 (7th Cir.2001).
Accordingly, Johnson’s appeal is DISMISSED.