**John E. BLUBAUGH, Plaintiff–Appellant,**

**v.**

**AMERICAN CONTRACT BRIDGE LEAGUE, Chris Compton, Joan Gerard, et al., Defendants–Appellees.**

**No. 04–1663.**

United States Court of Appeals, Seventh Circuit.

Argued Nov. 4, 2004.

Decided Nov. 18, 2004.

Rehearing En Banc Denied Dec. 17, 2004.

476

Before BAUER, RIPPLE, and KANNE, Circuit Judges.

## ORDER

John Blubaugh appeals from a grant of summary judgment by the district court in favor of Defendant American Contract Bridge League ("ACBL") on Blubaugh's various claims relating to Defendant's decision to suspend him from participating in ACBL-sanctioned tournaments for 18 months. We affirm.

Blubaugh makes his living as a professional bridge player, and the ACBL serves as the sanctioning body for competitive bridge. After the ACBL handed down its decision to suspend Blubaugh for cheating, he moved for a temporary restraining order ("TRO") on March 15, 2001, to prevent the suspension from taking effect. After a hearing on March 16, 2001, the court denied the TRO. Blubaugh subsequently filed two amended complaints and a motion for preliminary injunction to have the suspension lifted. After a hearing on the motion for a preliminary injunction, the court again denied relief to Blubaugh on June 20, 2001. Blubaugh then filed a third amended complaint, advancing at least 19 causes of action including breach of contract, tortious interference, defamation, vi-

olation of the Sherman Anti–Trust Act and violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). The district court granted summary judgment to Defendant on all counts.

On appeal, Blubaugh first sets forth several breach of contract claims based on his assertion that the ACBL violated its own rules in the disciplinary proceedings against him. Blubaugh spends considerable time and energy in an effort to prove that his suspension was unjust and was the product of a vast conspiracy against him among the leadership of the ACBL. Whether Blubaugh is, in fact, a card cheat is of no great consequence to this Court; we do not sit in place of the ACBL in weighing the case against Blubaugh. The district court correctly noted that the "central defect running throughout the Complaint lies in Blubaugh's erroneous and expansive view of the court's role in overseeing the internal affairs of a voluntary membership organization like the ACBL." *Blubaugh v. American Contract Bridge League,* No. IP 01–358–C H/K, 2004 WL 392930 (S.D.Ind. February 18, 2004). The Indiana Supreme Court has held that Indiana courts will not interfere in the internal affairs of a voluntary membership organization absent fraud, other illegality, or abuse of civil or property rights having their origin elsewhere. *Ind. High Sch. Athletic Ass'n v. Reyes,* 694 N.E.2d 249, 256 (Ind.1997). Therefore, we need only determine whether any of these exceptions exist so as to compel our interference in the internal affairs of the ACBL. None are present in this case and we therefore affirm the district court's grant of summary judgment on Blubaugh's contract claims. Blubaugh further asserts that the district court improperly overlooked other breach of contract claims that were first set forth in his response to ACBL's motion for summary judgment. However, it is well settled that a plaintiff may not amend his complaint through arguments in a brief in opposition to a motion for summary judgment. *Shanahan v. City of Chicago,* 82 F.3d 776, 781 (7th Cir.1996).

Second, Blubaugh sets out several claims for interference with contracts and business relationships. He claims that the suspension handed down by the ACBL constituted tortious interference with contracts he had entered into by which he was paid to play with amateur players in bridge tournaments. The district court correctly found that the only existing contract to which Blubaugh was a party was, in fact, fulfilled. Blubaugh contends that he could not play according to the terms of the contract for two sessions as a result of his suspension. These issues were not raised before the district court and are waived on appeal. *Grayson v. O'Neill,* 308 F.3d 808, 817 (7th Cir.2002).

Third, summary judgment was also proper concerning Blubaugh's various defamation claims. Blubaugh does not clearly specify which of his claims are the subject of his appeal or provide any developed argument, but rather summarily concludes that the district court erred by improperly presuming the good faith of the officials of the ACBL. He also cites no authority in support of his argument. By failing to develop a cognizable argument or cite to authority, he has not complied with Federal Rule of Appellate Procedure 28(a)(9) and his defamation arguments are waived. *Anderson v. Hardman,* 241 F.3d 544, 545 (7th Cir.2001); *LINC Finance Corp. v. Onwuteaka,* 129 F.3d 917, 921 (7th Cir. 1997).

Finally, Blubaugh argues that the ACBL violated the Sherman Act. Again, Blubaugh makes no developed, cogent argument on this point and cites no relevant or controlling authority. He has failed to

demonstrate that he has any cognizable antitrust claim, and his claims are waived. FED. R.APP. P. 28(a)(9).

We AFFIRM the judgment of the district court.