**Paul S. SCHNEIDER, Plaintiff–Appellant,**

v.

**CITY OF ALTON, et al., Defendants–Appellees.**

No. 04–3257.

United States Court of Appeals, Seventh Circuit.

Submitted March 21, 2005.*

Decided March 25, 2005.

Paul N. Schneider, St. Charles, MO, pro se.

Before BAUER, POSNER, and EVANS, Circuit Judges.

## ORDER

Former Illinois resident Paul Schneider filed an action under 42 U.S.C. § 1983 in the Eastern District of Missouri against the City of Alton, Illinois, and Alton police officers, claiming violations of state and federal law. The court there concluded that venue was improper in that district and transferred the case to the Southern District of Illinois. Judge Stiehl screened the complaint under 28 U.S.C. § 1915, dismissed the state-law claims as time-barred, dismissed the claims against the officers in their official capacities as duplicative of the claims against the city, and then ordered Schneider to amend his complaint to state claims against the officers in their individual capacities. In response Schneider filed a "Motion For a Change of Judges," contending generally that judges in the Southern District of Illinois, and Judge Stiehl in particular, were biased against him. Judge Stiehl construed Schneider's motion as one for recusal under either 28 U.S.C. § 144 or 28 U.S.C. § 455(b)(1) and denied it on the basis that it wholly lacked factual support. Shortly thereafter Schneider filed two motions that substantively tracked his earlier recusal motion, and the court denied those motions. Schneider proceeded to disregard the court's admonishment that failure to amend his complaint within the allotted time could result in dismissal, and ultimately the court dismissed the action un-

---

* The appellees were never served with process in the district court and did not file a brief or otherwise participate in this appeal. After an examination of the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the brief and the record. *See* Fed. R.App. P. 34(a)(2).

der Fed.R.Civ.P. 41(b) for failure to comply with court orders.

On appeal Schneider does not challenge the district court's conclusions but instead presents a lengthy narrative reasserting many of the allegations he presented in the recusal motions filed in district court. His brief lacks citations to the record or legal authority, and thus fails to comply with Fed. R.App. P. 28(a)(9), which requires even pro se litigants to submit a brief containing cognizable arguments with supporting citations. *See Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001).

DISMISSED.