**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted July 15, 2005[*]
Decided July 15, 2005

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

| | |
|---|---|
| No. 04-3423 | |
| | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| MILAN KNOX, | |
| *Plaintiff-Appellant,* | |
| | |
| *v.* | No. 03 C 8199 |
| | |
| SAM HALEEM, | James F. Holderman, |
| *Defendant-Appellee.* | *Judge.* |

**O R D E R**

Milan Knox brought suit under 42 U.S.C. § 1983 alleging that detective Sam Haleem of the Bridgeview, Illinois, Police Department lied to the grand jury investigating Knox for threatening the life of a state's attorney. On May 25, 2004, the district court entered an order requiring Knox to file a motion by June 11 establishing good cause for his failure to effect service within the 120-day period established by Federal Rule of Civil Procedure 4(m). The court warned Knox that

---

[*] Because there are no appellees or attorneys to be served in this appeal, the appeal has been submitted without the filing of a brief by the appellee. After an examination of the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the appellant's brief and the record. *See* Fed. R. App. P. 34(a)(2).

"failure to timely comply with this order may result in dismissal of this action." The deadline passed without a response from Knox, and on June 21 the district court dismissed the action for failure to comply with its order. On July 13 Knox filed a motion to reconsider, stating merely that he "did try to comply with the order." The court denied the motion because Knox had neither effected service of process nor established good cause for his failure to do so.

On September 11 Knox filed a notice of appeal. Because he failed to file the notice within 30 days of the dismissal itself, we limited the appeal to a review of the district court's order denying reconsideration. But Knox does not even mention the motion to reconsider in his brief, nor does he point to any error made by the district court. He merely restates the allegations made in his complaint. Accordingly, his brief fails to comply with Federal Rule of Appellate Procedure 28(a)(9), which requires a brief to contain "an argument consisting of more than a generalized assertion of error, with citations to supporting authority." *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). Even with the leeway afforded to those who appeal pro se, we can discern no cogent arguments in Knox's brief. *See id.*

We also note that this is the fifth action Knox has brought in the Northern District of Illinois since 2001, and the third in which he accuses the police of perjury, physical abuse, and other misconduct. *See Knox v. Gibson*, No. 01 C 5501; *Knox v. Podbieliniak*, No. 01 C 7784; *Knox v. Osun*, No. 02 C 1812; *Knox v. Glasgow*, No. 03 C 7980. Although we express no opinion as to the merit of those cases, this appeal is frivolous, and we caution Knox that frivolous filings may result in the imposition of sanctions under Federal Rule of Civil Procedure 11 and Federal Rule of Appellate Procedure 38.

The appeal is hereby DISMISSED.