**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois  60604

Submitted July15, 2005[*]
Decided July 18, 2005

Before

Hon. JOHN L. COFFEY, Circuit Judge

Hon. DANIEL A. MANION, Circuit Judge

Hon. MICHAEL S. KANNE, Circuit Judge

No. 04-3375

| | |
|---|---|
| PHILLIP L. POWELL,<br>    Petitioner, | On Petition for Review of an Order of<br>the Board of Immigration Appeals |
| v. | A96 166 868 |
| ALBERTO R. GONZALES,<br>    Respondent. | |

O R D E R

Phillip Powell is a native and citizen of Jamaica.  His father, a naturalized United States citizen, filed a visa petition on Powell's behalf in 2001, but Powell entered the United States without inspection in 2002.  The Department of Homeland Security commenced removal proceedings and Powell applied for asylum, but eventually withdrew the application and agreed to depart voluntarily by December 3, 2003.  Powell never departed, however, and instead sought new counsel to help him move to reopen proceedings and stay removal.  The

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record.  See Fed. R. App. P. 34(a)(2).

Immigration Judge denied the motion for a stay of removal in December 2003 and the motion to reopen in January 2004, and the Board of Immigration Appeals affirmed.

Powell, acting pro se, filed with this court two submissions, apparently seeking to appeal the denial of his motion to stay removal. His cursory submissions, however, do not present any specific legal challenge to the BIA's or IJ's analysis, but instead merely assert that he would like to remain in the United States to work and live with his family. Powell's submissions lack citations to the record and legal authority, and accordingly do not comply with Federal Rule of Appellate Procedure 28(a)(9), which requires even pro se litigants to submit a brief containing cognizable arguments with supporting citations. See Anderson v. Hardman, 241 F.3d 544, 545 (7th Cir. 2001); Fed. R. App. P. 28(a)(9). Thus we must DISMISS his petition.