> **UNPUBLISHED ORDER**
> Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted May 11, 2006[*]
Decided June 12, 2006

**Before**

Hon. THOMAS E. FAIRCHILD, *Circuit Judge*

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

No. 05-4776

| | |
|---|---|
| DARREL L. WILBER, <br>     *Plaintiff-Appellant*, <br><br>   *v.* <br><br> JEANNE E. SCOTT, <br>     *Defendant-Appellee*. | Appeal from the United States District Court for the Southern District of Illinois. <br><br> No. 05 C 792 <br><br> William D. Stiehl, <br> *Judge*. |

**O R D E R**

Darrel Wilber filed a lawsuit against the "Patent Commissioner" in the Central District of Illinois.  The action concerned Wilber's unsuccessful efforts to obtain a patent for his invention, the "Flush Cutting Jig Saw."  Chief Judge Michael McCuskey dismissed that case (2:05-cv-02048-MPM) on *res judicata* grounds.  Wilber responded by filing suit against Judge McCuskey (3:05-cv-03230-JES).  Judge Jeanne Scott dismissed that case for Wilbur's failure to pay the filing fee.

---

[*]This court was notified that the appellee was not served with process in the district court and would not be participating in this appeal.  After an examination of the appellant's brief and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the appellant's brief and the record. *See* Fed. R. App. P. 34(a)(2).

The litigation that is the subject of this appeal followed.  Wilber sued Judge Scott, arguing that such fees are an "impairment to the supreme contract of patents" (capital letters omitted) and demanding $500 million in damages.  The case was transferred to the Southern District of Illinois where Judge William Stiehl dismissed the suit for lack of jurisdiction because the allegations are frivolous.

We dismiss the appeal as well.  Wilber's brief filed in this court is completely insufficient and fails to comply with Federal Rule of Appellate Procedure 28(a) even under the relaxed standard we apply to pro se filings.  *See Anderson v. Hardman*, 241 F.3d 544 (7th Cir. 2001).

Contrary to the specific requirements of Rule 28(a), Wilber simply presents a number of accusations and conclusions: that Judge Scott and others "have disdained me as inventor," "have oppressed my patentable inventions," and "have gone against the grain of sacredness of the U.S. Constitution"; and that they are guilty of "mischief making," fraud, and "taking advantage of the poor."

Wilbur's brief contains no table of contents, no jurisdictional statement, no statement of facts, no argument as to why the district court's decision is erroneous, and no citation to the record or to appropriate legal authorities.  As we said in *Anderson*, "pro se litigants should expect that noncompliance with Rule 28 will result in the dismissal of the appeal." *Id*. at 547-48.  This appeal is therefore DISMISSED.