NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted August 29, 2007[*]
Decided August 30, 2007

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. JOEL M. FLAUM, *Circuit Judge*

No. 06-3217

| | |
|---|---|
| FLORENCE HICKS,<br>    *Plaintiff-Appellant,*<br><br>    *v.*<br><br>MEDLINE INDUSTRIES,<br>INCORPORATED,<br>    *Defendant-Appellee.* | Appeal from the United States<br>District Court for the Northern<br>District of Illinois, Eastern Division<br><br>No. 03 C 9215<br><br>Milton I. Shadur,<br>*Judge.* |

**O R D E R**

Florence Hicks was denied promotions and eventually fired from her job as a cash-applications clerk at Medline Industries.  Hicks, who is black, charges racial discrimination and retaliatory discharge under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000h.  She also claims that, after she was terminated, Medline interfered with her attempt to secure other employment and defamed her in violation of Illinois law.  The district court granted summary judgment for

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

Medline after concluding that Hicks failed to establish a triable issue of fact on essential elements of each of her claims. Hicks appeals, and we affirm.

We recite the uncontested facts, as found by the district court.[1] Hicks began working at Medline in 1999. As a cash-applications clerk, her main task was to process and post checks from Medline's customers. In 2001 she applied for two higher-paying positions in the company's purchasing department. She was ineligible for consideration for either one, however, because she had recently received two disciplinary warnings: the first cited her failure on twelve occasions to punch in and out; the second cited her for twelve hours of personal calls in one month. In any event, without a college degree, nor knowledge of the specialized computer programs that the purchasing department used, Hicks was not qualified for either position. Hicks thought her rejection discriminatory, however, and in September she complained as much to her supervisor, Paula Stubbs, and the vice president of human resources, Joseph Becker.

Although Hicks's performance had been acceptable (other than those two infractions), in 2002 her performance declined. In March she received a written warning for failing to properly process credit-card payments. In July she received the same admonition along with warnings about her repeated tardiness, check-posting errors, and uncooperative behavior toward coworkers. And in August she received three warnings for errors related to check posting and account balancing. Stubbs placed Hicks on probation for 90 days and warned her that further errors could result in her termination. Nevertheless, during the first week of September Hicks committed two check-posting errors, left two hours early one day without permission, and violated company policy by failing to timely inform her supervisor

---

[1] The district court treated Medline's statement of undisputed facts as admitted, *see* N.D. Ill. R. 56(1)(b), because Hicks's responses to that statement did not comply with local rule 56(1)(b). Hicks contests that ruling on the grounds that she attempted in good faith to comply with the rule, but by waiting until her reply brief to do so she has forfeited the argument. *See NLRB v. IBEW, Local Union 16*, 425 F.3d 1035, 1041 (7th Cir. 2005). In any event, as the district court noted, Hicks's responses either failed to cite evidence in the record, cited evidence that did not support her responses, stated legal conclusions rather than facts, disputed immaterial matters, or baldly asserted that Medline had concocted evidence to defeat her suit. Given Hicks's non-compliance with Rule 56(1), the district court did not abuse its discretion in deeming Medline's statement of facts admitted. *See* N.D. Ill. R. 56(1)(b); *Ammons v. Aramark Uniform Servs., Inc.*, 368 F.3d 809, 817-18 (7th Cir. 2004); *Koszola v. Bd. of Educ. of the City of Chi.*, 385 F.3d 1104, 1109 (7th Cir. 2004); *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001) (explaining that *pro se* litigants must comply with procedural rules).

that she had misplaced her identification card. Stubbs terminated Hicks on September 6, citing as reasons her unacceptably high number of check-posting errors (over the preceding six-month period Hicks had committed more check-posting errors than anyone else in her department), her failure to follow Medline's policies and procedures, and her uncooperative and combative behavior with coworkers and supervisors.

Following her termination at Medline, Hicks applied for a job at a Target department store. Her interviewer told her that she'd get the job as long as she received a positive reference from Medline. The job, however, did not materialize. Target never contacted Stubbs, Hicks's immediate supervisor Rosie Nava, nor anyone in Medline's human resources department.

Hicks obtained a right-to-sue letter from the EEOC and commenced this lawsuit in December 2003. Following extensive discovery, Medline filed a motion for summary judgment, which the district court granted. The court concluded that Hicks's failure-to-promote claims were untimely and that her other Title VII claims failed because she did not identify a similarly situated employee who was treated more favorably. The court also concluded that her state-law claims for interference with a business expectancy and for defamation failed because she had no evidence that Target ever contacted Medline, or that anyone at Medline made a negative statement about her. The court denied Hick's subsequent motion to reconsider.

On appeal Hicks first argues that her failure-to-promote claim was improperly dismissed. Despite its untimeliness, she appears to argue that we should set aside the statute of limitations in the interest of equity.

The district court properly dismissed Hicks's failure-to-promote claim as untimely. Hicks knew she had been rejected for the purchasing-department positions in September 2001, but did not file a charge with the EEOC until 2003—well beyond the 300-day statute of limitations. *See* 42 U.S.C. § 2000e-5(e)(1); *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 860 (7th Cir. 2005). Nor can she benefit from the doctrines of equitable tolling or equitable estoppel. We would equitably toll the statute of limitations only if, despite her due diligence, Hicks did not discover that she had a claim until it was too late. *See Beamon*, 411 F.3d at 860. But Hicks does not dispute that she had all the information she needed to raise her claim as of September 2001, when she complained to Stubbs and Becker that her failure to be promoted was discriminatory. *See id.* at 860-61. Moreover, equitable estoppel is inapplicable because Hicks has adduced no evidence that Medline took active steps to prevent her from suing. *See In re Copper Antitrust Litig.*, 436 F.3d 782, 790-91 (7th Cir. 2006).

Hicks next argues that she raised a genuine issue of fact on her claims that Medline terminated her on the basis of race and in retaliation for her complaints of discrimination. Specifically, she challenges the district court's determination, on both counts, that she did not identify similarly situated coworkers who were treated more favorably.

Since Hicks has no direct evidence of discrimination, to prevail on her Title VII retaliation and racial discrimination claims, she must proceed under the indirect burden-shifting method outlined in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). To establish a *prima facie* case of either discrimination or retaliation under the indirect method, Hicks must produce, among other things, evidence that her employer treated her more harshly than non-black or non-complaining coworkers who were alike in all material respects. *See Beamon*, 411 F.3d at 861. In this context, a similarly-situated employee is one who was performing at a comparable level, had similar qualifications, and conducted herself similarly to Hicks. *See Radue v. Kimberly-Clark Corp.*, 219 F.3d 612, 617 (7th Cir. 2000). As we explained in *Radue*, "[t]his normally entails a showing that the two employees dealt with the same supervisor, were subject to the same standards, and had engaged in similar conduct." *Id.* at 617-18.

The district court properly concluded that Hicks did not create a genuine issue for trial on either her retaliatory discharge or racial discrimination claims because she failed entirely to identify any employee who was performing at a comparable level, had similar qualifications, or conducted himself similarly. Hicks compares herself to those employees who successfully obtained the purchasing-department jobs she sought, but she adduced no evidence that these employees dealt with the same supervisor, were subject to the same standards, or had similar performance and conduct problems. And although Hicks asserts that Medline did not discipline employees who misappropriated funds, she has not identified these coworkers, nor adduced evidence that they dealt with the same supervisor or were similarly qualified.

Hicks next challenges the district court's rejection of her claim that Medline interfered with her "business expectancy" at Target. She apparently believes that, because Target did not hire her, Medline must have provided a negative reference.

To sustain such a claim under Illinois law, Hicks would have to prove that Medline knew that she reasonably expected to enter into a business relationship with Target, and intentionally and unjustifiably "induced or caused a breach or termination of the expectancy." *See Anderson v. Dorpel*, 667 N.E.2d 1296, 1299 (Ill. 1996).

The district court correctly concluded that Hicks did not raise a genuine issue whether anyone at Medline knew of or intentionally interfered with her job candidacy at Target. Hicks asserts that (1) a Target employee told her that she would be hired if she received a good reference from Medline, and (2) Target did not hire her. But Hicks adduced no evidence that anyone at Medline ever communicated with anyone at Target, or that any negative comment was ever made in the first place. *See, e.g.*, *Romanek v. Connelly*, 753 N.E.2d 1062, 1073 (Ill. Ct. App. 2001) (business-expectancy claim dismissed where plaintiff failed to identify any action taken by defendant to prevent business relationship). Further, her own speculation is insufficient to establish a genuine issue for trial. *See Jordan v. Summers*, 205 F.3d 337, 343-44 (7th Cir. 2000).

Hicks's defamation claim fails for a similar reason. Hicks adduced no evidence that anyone at Medline made any statements—let alone a false one—about her. *See Popko v. Cont'l Cas. Co.*, 823 N.E.2d 184, 188 (Ill. App. Ct. 2005).

Finally, Hicks ostensibly challenges the district court's decision not to recruit counsel for her, *see* 28 U.S.C. § 1915(e)(1). The district court initially recruited counsel for Hicks, but later granted counsel leave to withdraw because of a personal incompatibility and substantial disagreement on litigation strategy. Hicks reiterates her disagreement with the district court's allowing her first counsel to withdraw, but advances no reason why the district court should have recruited new counsel.

Accordingly, the judgment of the district court is AFFIRMED.