**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 4, 2009[*]
Decided February 4, 2009

**Before**

JOHN L. COFFEY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 08-3954

| | |
|---|---|
| JAMES F. OSTERBUR, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Central District of Illinois. |
| *v.* | No. 08-CV-2262 |
| UNITED STATES OF AMERICA, et al., | Michael P. McCuskey, |
| *Defendants-Appellees.* | *Chief Judge.* |

**O R D E R**

James Osterbur filed a complaint in the district court naming as defendants the United States of America, the State of Illinois, the Governor of Illinois, the President of the United States, and the Supreme Court of the United States. Osterbur's 29-page complaint is

---

[*]The defendants were not served with process in district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the appellant's brief and the record. *See* FED R. APP P. 34(a)(2).

completely incoherent and contains no discernable claims, though Osterbur appears to call for a "tax revolt."  The district court found that the case was frivolous and insubstantial and therefore dismissed it for lack of subject matter jurisdiction.  *See Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1256 (7th Cir. 1994) (federal courts lack jurisdiction over claims that are so insubstantial as to be devoid of merit).

Osterbur's appellate brief is more of the same.  A litigant in this court must "supply an argument consisting of more than a generalized assertion of error, with citations to supporting authority."  FED. R. APP. P. 28(a)(9)(A); *see also Haxhiu v. Mukasey*, 519 F.3d 685, 691 (7th Cir. 2008).  And although we construe pro se filings liberally, even litigants proceeding without the benefit of counsel must articulate some reason for disturbing the district court's judgment.  *See Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001).  Osterbur does not challenge the district court's reasoning. In fact, it is impossible to discern any argument at all.

DISMISSED.