NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 1, 2009[*]
Decided May 1, 2009

**Before**

RICHARD A. POSNER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 08-3579

| | |
|---|---|
| VETTER G. MOORE, | Appeal from the United States District |
|     *Petitioner-Appellant,* | Court for the Southern District of Indiana |
| | Terre Haute Division. |
|     *v.* | |
| | No. 2:08-cv-341-WTL-JMS |
| HELEN J. MARBERRY, | |
|     *Respondent-Appellee.* | William T. Lawrence, |
| | *Judge*. |

## O R D E R

Vetter Moore, a federal inmate, filed a petition for habeas corpus under 28 U.S.C. § 2241, which the district court construed as challenging the conditions of his confinement and his transfer from a prison in Pennsylvania to one in Indiana. The court summarily dismissed the petition, reasoning that Moore cannot use § 2241 to challenge the conditions

---

[*]The appellee was not served with process in the district court and is not participating in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the brief and the record. *See* FED. R. APP. P. 34(a)(2).

of confinement and that transfers between federal facilities are committed wholly to the discretion of the Federal Bureau of Prisons.

Moore appeals, but we cannot discern a legal argument in his semi-coherent submission. Even pro se litigants must provide a statement of the issues presented for review along with corresponding legal argument and citations to authorities. *See* FED. R. APP. P. 28(a)(9); *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). As best we can tell Moore argues that the indictment underlying his 1991 conviction was fake and that prison officials falsely labeled him a snitch so that his cellmate would kill him. But we fail to see how these contentions relate to the district court's decision and note that Moore has repeatedly challenged the validity of his indictment in many of the 100-plus collateral petitions and 30 appeals he has filed in federal courts around the country.

Accordingly, the appeal is DISMISSED. And we caution Moore not to file anything else covering the same ground. We have already sanctioned him $100 and barred him from future filings relating to *Moore v. Bezy*, No. 2:06-cv-00157-LJM-WTL (S.D. Ind. filed Aug. 1, 2006), and *Moore v. Bezy*, No. 2:06-cv-00017-LJM-WTL (S.D. Ind. filed Jan. 19, 2006). *See In re Moore*, No. 08-1962 (7th Cir. filed May 1, 2008). If he continues to waste this court's time with frivolous filings, we will impose further sanctions.