**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 30, 2010[*]
Decided November 30, 2010

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 09-3846

| | |
|---|---|
| RICHARD B. KELLY, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Southern District of Illinois. |
| | |
| *v.* | No. 08-322-GPM |
| | |
| JACOB NULL, et al., | G. Patrick Murphy, |
| *Defendants-Appellees*. | *Judge*. |

**O R D E R**

Richard Kelly, an inmate at Tamms Correctional Center, appeals from the judgments against him following the trial of two consolidated actions he brought under 42 U.S.C. § 1983 asserting related Eighth Amendment claims against various employees from the Illinois Department of Corrections. Kelly essentially claimed that two defendants, Jacob Null and Jamie Sisk, sexually assaulted him; that two others, John Branche and Shane Osman, condoned the assault; and that another, Terry Calipher, denied him adequate

---

[*]After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. See FED. R. APP. P. 34(a)(2)(C).

medical care for his injuries. At the close of Kelly's case, the court granted judgment for defendants Branche, Osman, and Calipher. The jury returned verdicts in favor of the remaining defendants, Null and Sisk.

On appeal Kelly does not identify any specific error made by the district court or develop an argument supported by citations to legal authority or the record. See FED. R. APP. P. 28(a)(9); *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). Kelly's brief consists only of short factual statements and conclusory allegations of misconduct committed by the district court. Although we will construe a pro se litigant's brief liberally, we will not attempt to craft arguments and perform legal research on the litigant's behalf when the litigant fails to do so. See *Anderson*, 241 F.3d at 545-46. The appeal is DISMISSED.