NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 20, 2011[*]
Decided January 25, 2011

**Before**

RICHARD A. POSNER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 10-2517

| | |
|---|---|
| SABEEL CAUDLE EL, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Illinois, |
| | Eastern Division. |
| *v.* | |
| | No. 08 C 6534 |
| LAKE COUNTY SHERIFFS, et al., | |
| *Defendants-Appellees.* | Amy J. St. Eve, |
| | *Judge.* |

**O R D E R**

Sabeel Caudle El sued the Lake County sheriffs and other county officials under 42 U.S.C. § 1983 alleging, among other things, that the conditions of his pretrial confinement violated his constitutional rights. After dismissing several claims at the pleading stage, the court granted summary judgment in favor of defendants on the remaining claims.

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

Caudle El devotes the bulk of his appellate brief to arguing about exhaustion of administrative remedies, an issue wholly irrelevant to the district court's disposition of the case. He also enumerates a list of "issues on appeal," some of which merely restate the claims he raised in the district court, but fails to develop an argument for any of these contentions or supply them with legal authority. A litigant in this court, however, must supply "an argument consisting of more than a generalized assertion of error, with citations to supporting authority." *Haxhiu v. Mukasey*, 519 F.3d 685, 691 (7th Cir. 2008) (quoting *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001)); *see also* Fed. R. APP. P. 28(a)(9)(A). And although we construe pro se filings liberally, even litigants proceeding without the benefit of counsel must articulate some reason for disturbing the district court's judgment. *See Anderson*, 241 F.3d at 545. Caudle El does not challenge the district court's reasoning: in fact, it is impossible to discern any argument at all.

DISMISSED.