NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 8, 2011[*]
Decided December 8, 2011

**Before**

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 11-1973

| | |
|---|---|
| VASSIL M. MARINOV, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of Indiana, Hammond Division. |
| *v.* | No. 4:07cv54 |
| TRUSTEES OF PURDUE UNIVERSITY, and ALYSA CHRISTMAS ROLLACK, *Defendants-Appellees*. | Jon E. DeGuilio, *Judge.* |

**O R D E R**

Vassil Marinov, a Bulgarian who used to do custodial work at Purdue University, sued the university and one of its personnel administrators for discrimination under the Americans with Disabilities Act, 42 U.S.C. § 12112, and Title VII, 42 U.S.C. §§ 2000e-2(a)(1), 2000e-3(a). Marinov could not be around certain cleaning chemicals because they made him

---

[*]After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

sick. He claimed that Purdue failed to accommodate this disability, denied him other opportunities because he was Bulgarian, and then fired him in retaliation for a complaint he filed with the Equal Employment Opportunity Commission. The district court granted summary judgment for the defendants on all claims, determining that Purdue was entitled to sovereign immunity from Marinov's ADA claim; that Marinov could not establish a prima facie case of national origin discrimination, or alternatively that Purdue's reasons for its personnel actions were pretextual; and that Marinov failed to establish a retaliation claim because he could not show a causal connection between his filing of the EEOC complaint and his termination.

On appeal Marinov, now proceeding pro se, maintains that his discharge was improper, but he does not identify any specific error made by the district court or develop an argument supported by citations to legal authority or the record. *See* FED. R. APP. P. 28(a)(9); *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). Although we will construe a pro se litigant's brief liberally, we will not craft a litigant's arguments or perform legal research for him. *See Anderson*, 241 F.3d at 545–46.

DISMISSED.