NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 20, 2012[*]
Decided August 20, 2012

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 12-1909

| | |
|---|---|
| NORMAN FLICK, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Southern District of Indiana, |
| | Indianapolis Division. |
| *v.* | |
| | No. 1:08-cv-461-SEB-TAB |
| HECTOR M. GONZALES, et al., | |
| *Defendants-Appellees.* | Sarah Evans Barker, |
| | *Judge.* |

**O R D E R**

Norman Flick appeals the district court's dismissal of his second amended complaint brought under 42 U.S.C. § 1983, in which he alleged that 24 defendants (among them attorneys, judges, detectives, business people, and a state prosecutor) colluded to steal his property. First the court dismissed the complaint against two Indiana state-court judges on the alternative grounds of judicial immunity and failure to comply with the statute of

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

limitations. Later the court dismissed the complaint against the remaining defendants for failure to comply with federal notice-pleading standards, *see* FED. R. CIV. P. 8(a).

On appeal Flick does not develop any legal argument challenging the dismissal of his action, and asserts only generally that "[R]ule 8 has been sufficiently plead" under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). We construe pro se filings liberally, but even a pro se brief must contain more than a general assertion of error. *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). A brief must contain "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." FED. R. APP. P. 28(a)(9).

DISMISSED.