**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 14, 2018[*]
Decided February 15, 2018

**Before**

WILLIAM J. BAUER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 17-2387

| | |
|---|---|
| MICHELLE LUNDY, | Appeal from the United States District |
|     *Plaintiff-Appellant*, | Court for the Eastern District of Wisconsin. |
| | |
| *v.* | No. 16-CV-470 |
| | |
| WESTWOOD HEIGHTS APARTMENTS, | William E. Duffin, |
| LLC, et al., | *Magistrate Judge*. |
|     *Defendants-Appellees*. | |

**O R D E R**

Michelle Lundy, an African-American woman, filed this lawsuit under the Fair Housing Act, 42 U.S.C. §§ 3601–19, 3631, against Westwood Heights Apartments, LLC, the company that owns the apartment complex where Lundy used to live; Jack Sheehan, who controls the company; and St. Clare Management, the third-party administrator that certifies low-income tenants for rental assistance. She alleged that the defendants discriminated against her based on her race by unevenly applying

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

regulations governing the calculation of her rent, and by refusing to replace her showerhead or allow her to hang pictures on the walls of her apartment when other tenants could. Lundy also alleged that the defendants wrongfully evicted her in retaliation for filing a complaint of discrimination with the Department of Housing and Urban Development and the Office of Fair Housing and Equal Opportunity.

The parties consented to the jurisdiction of a magistrate judge, *see* 28 U.S.C. § 636(c), who ultimately granted the defendants' motions for summary judgment. *See* E.D. WIS. CIV. R. 7(d). As required, the defendants had notified Lundy, who was proceeding pro se, of the consequences of failing to respond and had provided her with the summary-judgment rules. *See id.* 56(a); *Timms v. Frank*, 953 F.2d 281, 285 (7th Cir. 1992). But Lundy did not file a response, so the magistrate judge ruled based on his review of the record and the defendants' briefs.

Lundy appeals and states that she "did not receive the Motion to [sic] Summary Judgment file." That is the sum total of what could be viewed as an argument for vacating the judgment. However, in attempting to understand Lundy's point, we noticed that after the magistrate judge entered judgment, Lundy filed a "Motion to Enlarge the Record" to which she attached a document, styled somewhat like an affidavit, stating that she did not receive the motions for summary judgment. The magistrate judge denied her motion, taking its label at face value and saying that Lundy could not "add to the appellate record documents that were not a part of the proceedings in the district court." We think the magistrate judge could have construed Lundy's filing as a motion for relief from the judgment on the ground that she never received the defendants' summary-judgment filings. *See* FED. R. CIV. P. 60(b). But Lundy did not provide any information to help him understand the circumstances (such as whether the address on the certificates of service was correct), and so we cannot say that he erred—especially because Lundy does not say now that she was misunderstood.

On appeal, Lundy again fails to develop any argument or cite any legal authority that could provide a basis for disturbing the judgment. *See* FED. R. APP. P. 28(a)(8)(A); *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). Instead, apart from stating that she did not receive the summary-judgment "file," she recounts her personal history and repeats allegations from her complaint (and, in her reply brief, attempts to add new factual allegations complete with photographs). We construe pro se filings liberally, but undeveloped or unsupported contentions are waived. *Long v. Teachers' Ret. Sys. of State of Ill.*, 585 F.3d 344, 349 (7th Cir. 2009); *Jones v. InfoCure Corp.*, 310 F.3d 529, 534 (7th Cir. 2002). If Lundy in fact did not receive the defendants' summary-judgment materials, we

sympathize with her frustration, but like the magistrate judge, we cannot give her any relief based on one barebones statement.

AFFIRMED