NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 15, 2018[*]
Decided August 17, 2018

**Before**

MICHAEL S. KANNE, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 17-2007

| | |
|---|---|
| KENNETH BROWN,<br>    *Plaintiff-Appellant*, | Appeal from the United States District<br>Court for the Central District of Illinois. |
| *v.* | No. 3:13-cv-03347 |
| MICHAEL E. KNISLEY and<br>JOHN HAMILTON,<br>    *Defendants-Appellees*. | Harold A. Baker,<br>*Judge*. |

**O R D E R**

Kenneth Brown, an Illinois inmate, sued two correctional officers for violating his constitutional rights. A jury found in favor of the officers. Brown appeals, but he has waived his arguments by failing to adequately brief them or to submit the necessary transcripts. We dismiss the appeal.

Brown sued Knisley and Hamilton under 42 U.S.C. § 1983 for using excessive force in violation of the Eighth Amendment and for preventing him from mailing correspondence in violation of the First Amendment. During pretrial proceedings,

---

[*] We have agreed to decide this case without oral argument because the appeal is frivolous. FED. R. APP. P. 34(a)(2)(A).

Brown asked several times for surveillance footage of altercations between him, Knisley, and Hamilton. In an unrelated brief, the officers reported that the prison had informed them that no footage existed. After an unsuccessful settlement conference, the court recruited counsel for Brown. These attorneys conducted additional discovery to investigate, among other things, whether video footage existed; none ever surfaced. The district court denied Brown's request for a spoliation-of-evidence instruction at trial. The jury returned a verdict in favor of Knisley and Hamilton.

On appeal we infer that Brown wishes to challenge the evidence underlying the verdict, but he has not submitted transcripts of the trial or pretrial proceedings, *see* FED. R. APP. P. 10(b)(2). An appellant challenging the sufficiency of the evidence must submit a transcript for there to be meaningful appellate review. *Morsich v. United States*, 653 F.3d 522, 529 (7th Cir. 2011). Brown's pro se status does not exempt him from that requirement. *See Woods v. Thieret*, 5 F.3d 244, 245 (7th Cir. 1993). Brown attests that the district court prevented him from obtaining transcripts despite "numerous" requests. But he does not support that assertion with any detail, and we find in the record only one letter asking how to obtain transcripts. Although Brown apparently received no response, almost 10 months passed before he filed his appellate brief—ample time for Brown to contact, for example, the court reporter, his former attorneys, the district court clerk's office or ours, or otherwise learn how to order transcripts.

We decline to rely on Brown's characterization of the trial testimony to assess whether sufficient evidence supports the jury verdict. Nor will we review without the voir dire transcript Brown's unsupported and dubious claim that the jury (or the venire—we cannot discern) solely comprised Department of Corrections employees.

Last, Brown has not sufficiently developed his argument that the district court "allowed the Defendants to get away with hiding the video footage." Brown does not identify a specific ruling that he believes was erroneous, nor does he present a cogent argument with reasoning to support it. *See* FED. R. APP. P. 28(a)(8); *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001).

The appeal is **DISMISSED**.