NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 20, 2019[*]
Decided March 20, 2019

**Before**

DIANE P. WOOD, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 18-2987

| | |
|---|---|
| GARY REGINALD DODGE, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Southern District |
| | of Indiana, Indianapolis Division. |
| *v.* | No. 1:18-cv-470-WTL-MJD |
| AUTHOR SOLUTIONS, LLC, | William T. Lawrence, |
| *Defendant-Appellee*. | *Judge*. |

**O R D E R**

Gary Dodge, an author, brought a suit in 2014 in the Northern District of California against Author Solutions, LLC, for misconduct ("theft of royalties") related to the publication of his book, *Acts of War: Jesus/Alexander & JFK*. The district court dismissed his complaint for failure to state a claim. Four years later, he sued Author Solutions in the Southern District of Indiana, alleging that it had not paid him the royalties it owed from online sales of his book. (He also sought the return of copies of the book from the National Archives.) The district court determined that claim

---

[*] We have agreed to decide this case without oral argument because the appeal is frivolous. FED. R. CIV. P. 34(a)(2)(A).

preclusion barred Dodge's suit because his allegations stemmed from the same core of operative facts as his California suit, so it dismissed the complaint.

On appeal, Dodge has not developed any challenge to the district court's reasoning or cited any legal authority. Instead he tells us that $200 million is his "best estimate" for the royalties he is owed, complains that Author Solutions did not use certified mail to send him a check (supposedly for $116 million), and asks that he be granted "possession of all of Author Solution's businesses." We construe pro se filings liberally, *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001), but we cannot find in Dodge's appellate brief any discussion of the judge's analysis or challenge to his decision. Even pro se litigants must comply with Federal Rule of Appellate Procedure 28(a)(8), *see Anderson*, 241 F.3d at 545–46, which requires that a brief contain a cogent argument with citations to authority. Although we "are generally disposed toward providing a litigant the benefit of appellate review," *id.* at 545, we will not craft arguments or conduct legal research on behalf of a litigant. Because Dodge has not presented an argument, and because we see no obvious errors, the appeal is DISMISSED.