**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 17, 2020[*]
Decided September 18, 2020

**Before**

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 20-1316

| | |
|---|---|
| MILAN KNOX,<br>    *Plaintiff-Appellant*, | Appeal from the United States District<br>Court for the Northern District of Illinois,<br>Eastern Division. |
| *v.* | No. 19-cv-00342 |
| TIMOTHY BYRNE, THOMAS J. DART,<br>and COOK COUNTY, ILLINOIS,<br>    *Defendants-Appellees*. | Manish S. Shah,<br>*Judge*. |

## O R D E R

In 2014, Milan Knox sued a deputy sheriff who, he asserted, had arrested him using excessive force and without probable cause. The district court dismissed his suit with prejudice as a sanction for Knox's "attempted … fraud on the court"— in his complaint and application for leave to proceed in forma pauperis, Knox had misrepresented his litigation history and cash receipt of a recent settlement. Five years later, he again sued the deputy sheriff, this time for wrongful pretrial detention, stemming, in part, from the same arrest. The district court found that res judicata barred

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

this suit because it arose from the same conduct and issues litigated in his 2014 suit, so it entered judgment on the pleadings for the deputy sheriff.

Knox appeals, but his brief does not comply with Federal Rule of Appellate Procedure 28(a). His scant submission fails to advance any argument for disturbing the district court's judgment. *See* FED. R. APP. P. 28(a)(8)(A). Instead, Knox asserts, without more, that a state prosecutor provided "false testimony" and that "this [is] not the same case," presumably referring to his dismissed 2014 suit. We construe pro se filings liberally, but Knox fails to provide even a barebones argument that his current claims and those in his 2014 suit do not involve the same party and core of operative facts. *See Barr v. Bd. of Trustees of W. Illinois Univ.*, 796 F.3d 837, 838 (7th Cir. 2015). And we "cannot fill the void by crafting arguments and performing the necessary legal research." *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001).

DISMISSED