**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 26, 2007[*]
Decided September 27, 2007

**Before**

Hon. FRANK H. EASTERBROOK, *Chief Judge*

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. JOEL M. FLAUM, *Circuit Judge*

No. 07-1978

| | |
|---|---|
| MARIA BODOR, <br>     *Plaintiff-Appellant,* | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division |
|    *v.* | No. 2:05-CV-268 |
| TOWN OF LOWELL, et al., <br>     *Defendants-Appellees.* | Philip P. Simon, <br> *Judge.* |

**O R D E R**

This suit is the culmination of a decade-long dispute between Maria Bodor and the town of Lowell, Indiana, about a building owned by Bodor adjacent to the Lowell Town Hall and zoned for commercial use only. Beginning in 1993, the town, pointing to the building's disrepair and improper residential use, repeatedly demanded that Bodor take remedial action. In response Bodor claimed that repairs were underway and denied that anyone was living in the building. The town finally

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

took action on January 7, 2003, when a Lowell judge issued an administrative inspection warrant.  When police executed the warrant the following day, they found piles of trash and debris, dozens of animals in cages scattered throughout the building, evidence of residential use, and major structural damage.  After the building was temporarily seized and Bodor fined, she filed the present lawsuit against the town of Lowell and various town officials, alleging violations of her civil rights.  The district court granted the defendants' motion for summary judgment.  Bodor now appeals, and we affirm.

We review the district court's grant of summary judgment de novo, drawing all reasonable inferences in the light most favorable to the non-moving party.  *Washington v. Haupert*, 481 F.3d 543, 546-47 (7th Cir. 2007).  Bodor first argues under 42 U.S.C. § 1983 that the administrative search and seizure violated the Fourth Amendment.  Contending that the warrant was stale at the time of execution, Bodor alleges that the January 7, 2003, warrant was a forgery and that the true warrant was signed on January 6, which would place its execution on January 8 beyond the warrant's expiration date.  In support of this allegation, Bodor points to a blank administrative inspection warrant dated January 6, 2003.

That document, however, was not properly before the district court due to Bodor's failure to include it in her response to the defendants' motion for summary judgment.  *See* Fed. R. Civ. P. 56(e).  Despite that failure, the district court discovered the document in the record and held that even if Bodor had properly submitted it in her response, it did not support her forgery allegation.  In any event, if she had properly submitted it to the district court, the document would have been inadmissible because no supporting affidavit was offered to verify its authenticity.  *See* Fed. R. Evid. 901; *see also Scott v. Edinburg*, 346 F.3d 752, 760 n.7 (7th Cir. 2003) ("To be admissible, documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e).").  Nor is the document self-authenticating, as Bodor seems to believe, since it is neither under seal nor certified by affidavit.  *See* Fed. R. Evid. 902(1)-(2).

Even assuming the document was admissible, we agree with the district court that it would not raise a genuine issue of material fact to support Bodor's claim.  At no time has Bodor offered any evidence that might explain the document's origins or why it differs in form from the authenticated warrant submitted by defendants.  Bodor has therefore failed to offer any evidentiary support for the alleged forgery that could overcome a motion for summary judgment.  *See* Fed. R. Civ. P. 56(e); *Salvadori v. Franklin Sch. Dist.*, 293 F.3d 989, 996 (7th Cir. 2002) ("The mere existence of an alleged factual dispute is not sufficient to defeat a summary judgment motion.  To successfully oppose the motion, the nonmovant must present definite, competent evidence in rebuttal.").

Bodor's brief cursorily refers to her additional claims for harassment and defamation, but she offers no articulable basis for overturning the district court's summary judgment on these claims.  Although briefs filed by pro se litigants are held to a less-exacting standard than those of counseled litigants and are to be liberally construed, *McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000), "we cannot fill the void by crafting arguments and performing the necessary legal research." *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001) (citation omitted).  We therefore affirm for failure to support or develop her argument. *See* Fed. R. App. P. 28(a)(9); *United States v. Turcotte*, 405 F.3d 515, 536 (7th Cir. 2005) ("In this circuit, unsupported and undeveloped arguments are waived.").

AFFIRMED.