**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 20, 2008[*]
Decided February 28, 2008

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 07-1330

| | |
|---|---|
| WILLIE LANDFAIR, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of |
| | Illinois, Eastern Division. |
| *v.* | |
| | No. 05 C 3604 |
| J.B. HUNT TRANSPORT, INC., | |
| *Defendant-Appellee*. | Ronald A. Guzmán, |
| | *Judge*. |

**O R D E R**

Willie Landfair drove a truck for J.B. Hunt Transport until he was fired in 2004. When the company would not rehire him, he brought this action claiming that his termination was part of a pattern of unlawful discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, the Age

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

Discrimination Employment Act, 29 U.S.C. § 623, and 42 U.S.C. § 1981.  The district court granted summary judgment for J.B. Hunt.  Landfair appeals, but we dismiss his appeal because his brief does not comply with Federal Rule of Appellate Procedure 28.

The material facts are not in dispute.  J.B. Hunt, a trucking company, has contracted with Home Depot to transfer merchandise between stores and make deliveries to customers.  Landfair, who is black, was forty-four when J.B. Hunt hired him and assigned him to the Home Depot account in 2002.  Landfair proved inept at this job.  In January 2003 he was placed on probation after damaging concrete at a customer's home.  Several weeks later he failed to notify his account manager, Christina Blankenship, when part of a lawnmower he was delivering fell off his truck.  In the following months, Landfair drove the forklift he carried on his truck into a customer's backyard and got stuck, he improperly secured a load of fencing and cement which then fell off his truck, he allowed a pallet to fall from his truck and damage the merchandise he was delivering, he hit the control box of a customer's garage with his forklift, he damaged a case of tile by stopping abruptly while driving, and he cracked a customer's driveway during a delivery.  In addition to his driving mishaps, Landfair missed two days of work without notifying Blankenship, was late for a dispatch on a third day, and failed to attend a mandatory safety meeting.  J.B. Hunt warned him that he would be suspended if he continued to miss work.

In the meantime, J.B. Hunt reassigned Landfair from his position as a "floating" driver making deliveries from several stores to the Home Depot in Naperville, Illinois.  He later was transferred to the Bolingbrook store and finally to the Woodridge store, which was closer to his home and reduced his commute.  Landfair was replaced at Naperville by a white driver with more seniority and prior experience at that store.

In February 2004, Blankenship met with Landfair to discuss his poor driving record. Shortly thereafter Landfair jumped a curb and damaged his truck, so Blankenship enrolled Landfair in driver's training.  Three days later he hit a fire hydrant, causing a flood and requiring the police and fire departments to shut down the hydrant.  Blankenship again met with Landfair and ordered him to attend additional driver's training.  Two days later he failed to secure the windows he was delivering and several shattered.  Blankenship met with him a third time, enrolled him in more driver's training and a "load securement" class, placed him back on probation, and warned him that any further incidents would lead to his suspension or termination.

Landfair's troubles continued, however.  In April 2004, he drove into a retaining wall at a customer's home.  Blankenship suspended him for two days.  When Landfair returned to work, he tried unsuccessfully to change his schedule and then refused to report to his assigned Home Depot store on the days he had requested off.  J.B. Hunt's operations

supervisor, Tomika Seaberry, issued a written warning and told Landfair that he would be fired if he violated J.B. Hunt's employment policies again. In May 2004, Landfair filed a charge with the Illinois Department of Human Rights, claiming that J.B. Hunt had discriminated against him based on his age and race. Then in July 2004, Seaberry learned that Landfair had not completed his required daily Driver Vehicle Condition Reports in three months. Landfair also failed to report to work on July 13, 2004. This was the last straw for J.B. Hunt, and two days later Blankenship and Seaberry fired Landfair for unsatisfactory performance. Immediately thereafter, Landfair applied for a different driver position with J.B. Hunt and was turned down based on the company's policy that terminated employees were ineligible for re-hire for one year following termination. Landfair waited and reapplied in September 2005 and was told that he could drive again for the company if he completed the required orientation, but after the first day he stopped attending.

Meanwhile, Landfair filed the present suit, claiming in a seventeen-count complaint that J.B. Hunt maintained a workplace hostile to older, black employees, and that the company disciplined, fired, and refused to rehire him because of his age and his race and his complaint to the IDHR. In granting summary judgment the district court analyzed together Landfair's claims under Title VII, section 1981, and the ADEA. *See Cerutti v. BASF Corp.*, 348 F.3d 1055, 1061 n.4 (7th Cir. 2003). The court observed that Landfair had not established a prima facie case on his claims of disparate treatment and retaliation because he disputed none of J.B. Hunt's evidence concerning his job performance; on the contrary, Landfair admitted numerous employment infractions. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Racicot v. Wal-Mart Stores,* 414 F.3d 675, 678 (7th Cir. 2005); *Vakharia v. Swedish Covenant Hosp.*, 190 F.3d 799, 806 (7th Cir. 1999). Moreover, the court concluded that Landfair had produced no evidence that younger, white drivers were treated more favorably. *See Nichols v. Southern Ill. Univ.-Edwardsville*, 510 F.3d 772, 786 (7th Cir. 2007); *Brown v. Ill. Dep't of Natural Res.*, 499 F.3d 675, 682 (7th Cir. 2007). Finally, the court rejected Landfair's harassment claims because, as a matter of law, the episodes of discipline underlying those claims did not evidence a hostile work environment. *See Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 863-64 (7th Cir. 2005); *Luckie v. Ameritech Corp.*, 389 F.3d 708, 713-14 (7th Cir. 2004).

On appeal Landfair asks us to overturn the judgment, but he does not identify any flaw in the court's reasoning or explain why he thinks reversal is required. Instead, Landfair's brief is comprised of a series of cut-and-pasted quotations discussing unrelated areas of law from securities to tax liens to fraudulent concealment of records. In fact, his brief is devoid of cogent argument altogether. An appellant's brief must contain his "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." FED. R. APP. P. 28(a)(9); *see Voelker v. Porsche Cars*

*North America, Inc.*, 353 F.3d 516, 527 (7th Cir. 2003).  Although we construe pro se filings liberally, even uncounseled litigants must supply an "articulable basis" for disturbing the court's judgment.  *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001).  But Landfair offers no basis for overturning the court's judgment, and we "cannot fill the void by crafting arguments and performing the necessary legal research."  *Id.*  Landfair has not challenged the court's reasoning, and so his appeal must fail.  *Id.* at 545-46.  The appeal is therefore

                                                                    DISMISSED.