**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 23, 2009[*]
Decided June 23, 2009

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

RICHARD A. POSNER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 08-3230

| | |
|---|---|
| LEON WASHINGTON and CLARA WASHINGTON, | Appeal from the United States District Court for the Northern District of Indiana, Fort Wayne Division. |
| *Plaintiffs-Appellants,* | |
| *v.* | No. 1:03-CV-96 |
| JAMES HAUPERT, JOEL SLYGH, and FRED ROGERS, | Theresa L. Springmann, *Judge*. |
| *Defendants-Appellees.* | |

**O R D E R**

Leon and Clara Washington were arrested by officers of the Fort Wayne, Indiana police force who responded to a report of a domestic dispute. The Washingtons sued the officers under 42 U.S.C. § 1983, arguing that the arrest was made without probable cause.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. See FED. R. APP. P. 34(a)(2).

The district court determined that the officers were not entitled to qualified immunity and denied the officers' motion for summary judgment. On interlocutory appeal, we affirmed, *Washington v. Haupert*, 481 F.3d 543 (7th Cir. 2007), and the case went to trial. At trial, the jury sided with the officers, and the Washingtons appeal. The Washingtons' pro se brief—they were represented by counsel at trial—lists five issues for appeal, but the Washingtons have sufficiently developed only one argument. We liberally construe the filings of pro se litigants, *see Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009), but "still we must be able to discern cogent arguments in any appellate brief, even one from a pro se litigant," *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001) (citing FED. R. APP. P. 28). Accordingly, we consider the only argument that the Washingtons have cogently presented: that the district court should not have allowed the officers to strike the one African-American member of the jury venire—a strike that resulted in the Washingtons, themselves African Americans, being tried by an all-white jury.

Counsel for the Washingtons objected to the peremptory strike and, following *Batson v. Kentucky*, 476 U.S. 79 (1986), the district court then asked counsel for the officers if she had a race-neutral reason for the strike. She gave four reasons: she had observed the potential juror nodding his head and making certain facial expressions when counsel for the Washingtons spoke, suggesting sympathy for their case; the potential juror did not give a "strong positive" answer to one of counsel's questions; the potential juror had been at his job for only nine months; and he was not originally from the area. Although counsel stated that she generally preferred local jurors and those who had been at their jobs for a long time, she did not explain either preference. Counsel for the Washingtons argued that the explanations did not make any sense, but made no other argument to rebut them. The district court overruled the objection.

The district court's ruling that the lawyer's race-neutral explanations were not pretextual is a factual finding subject to review for clear error. *See Tinner v. United Ins. Co. of Am.*, 308 F.3d 697, 703 (7th Cir. 2002). The lawyer's explanations need not be "'persuasive, or even plausible.'" *Coulter v. McCann*, 484 F.3d 459, 465 (7th Cir. 2007) (quoting *Purkett v. Elem*, 514 U.S. 765, 768 (1995)). All that matters is that the explanations not be a pretext for invidious distinctions based on race. *Id.* Since the explanations here are not "completely outlandish" and the Washingtons have not come forth with any evidence to suggest that they are lies, *see Tinner*, 308 F.3d at 703, the judgment of the district court is

AFFIRMED.