**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 25, 2010[*]
Decided August 26, 2010

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

JOHN L. COFFEY, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 10-1512

| | |
|---|---|
| YOUSIF Y. PIRA, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Illinois, |
| | Eastern Division. |
| *v.* | |
| | No. 07 C 2037 |
| STUART CHANEN, et al., | |
| *Defendants-Appellees.* | Joan B. Gottschall, |
| | *Judge.* |

**O R D E R**

Yousif Pira pleaded guilty to fraud charges and then brought a civil rights action under 42 U.S.C. § 1985(3) and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging an unlawful conspiracy among his defense counsel, the prosecutor, and numerous government agents who had been involved in the investigation of his conduct, *see United States v. Pira*, 535 F.3d 724 (7th Cir. 2008). The

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(A).

district court dismissed certain of Pira's claims as time-barred and others for failure to state a claim, and later denied Pira's postjudgment motion challenging the dismissal.

On appeal Pira does not identify any specific error made by the district court or develop an argument supported by citations to legal authority or the record. *See* FED. R. APP. P. 28(a)(9)(A); *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). His brief largely recounts how he worked as an informant and how the government attempted to force his continued cooperation, but we cannot discern any cogent argument. Although we will construe a pro se litigant's brief liberally, we will not attempt to craft arguments and perform legal research on the litigant's behalf when the litigant fails to do so. *See Anderson*, 241 F.3d at 545-46. The appeal is DISMISSED.