NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 22, 2012[*]
Decided February 22, 2012

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 11-2796

| | |
|---|---|
| RAYMOND J. NIELSEN, SR., | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 10 C 4647 |
| MICHAEL J. ASTRUE, | |
| Commissioner of Social Security, | Joan Humphrey Lefkow, |
| *Defendant-Appellee.* | *Judge.* |

**O R D E R**

In 2009 an administrative law judge partially denied Raymond Nielsen's application for Social Security disability insurance benefits, finding him disabled as of 2007 but not before that date. The Appeals Council denied Nielsen's request for review, and on July 26, 2010 he filed an untimely federal complaint—untimely because he filed it 63 days after he was presumed to have received the Appeals Council's notice informing him that he could

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

seek judicial review of the ALJ's decision by filing suit on July 23, 2010. Nielsen could not rebut the presumption that he had received the Secretary's notice within five days after the date on the Appeals Council notice, so the district court granted summary judgment for the Commissioner.

Nielsen filed a notice of appeal, but his pro se appellate brief does not address the district court's dismissal of his suit as untimely and instead maintains that he was receiving incorrect benefits payments. Although we construe pro se filings liberally, pro se appellants must present arguments supported by citations to the record and legal authority. *See* FED. R. APP. P. 28(a)(9)(A); *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). While Nielsen's brief includes the bare assertion that he "proved . . . that the strict enforcement of [the filing deadline] does not apply," he gives no reason why the district court should have excused his late filing.

Nielsen's motion to demand payment is **DENIED**, and the appeal is **DISMISSED**.