**Michael A. MAXIE, Plaintiff-Appellant,**

v.

**Edward BRUEMMER, et al.,
Defendants-Appellees.**

No. 16-2926

United States Court of Appeals,
Seventh Circuit.

Submitted December 12, 2016 *

Decided December 13, 2016

Michael A. Maxie, Pro Se

Kyle Hunter, Attorney, Office of the Attorney General, Indianapolis, IN, for Defendants-Appellees

Before MICHAEL S. KANNE, Circuit Judge ANN CLAIRE WILLIAMS, Circuit Judge DAVID F. HAMILTON, Circuit Judge

**ORDER**

Michael Maxie, a pro se litigant and former Indiana prisoner, claims in this suit under 42 U.S.C. § 1983 that administrators at Westville Correctional Facility by failing to remedy certain housing conditions, violated the Eighth Amendment. The district court granted summary judgment for the defendants and Maxie has appealed.

---

\* We have unanimously agreed to decide this case without oral argument because the briefs and record adequately present the facts and

Maxie alleged that the warden, two of the warden's top assistants, and Maxie's counselor did nothing to remediate purported asbestos and toxic "black mold" in the showers or to provide adequate heat in his cell during a six-day period in October 2012. In granting summary judgment for the defendants, the district court reasoned that Maxie had not presented evidence from which a jury reasonably could find that asbestos or mold, if present in the shower area, were "objectively severe or posed a serious risk of substantial harm." Likewise, the court added, Maxie had not presented evidence that the defendants knew about the cold temperatures in his cell. The court observed that Maxie's suspicion about asbestos exposure was based on hearsay from other inmates. And although Maxie himself saw mold in the showers for several months, the court noted that he had not presented evidence that any breathing problem or other illness resulted from his use of the showers. As for the six days of cold temperatures in Maxie's cell, the district court recognized that Maxie is competent to testify about the cold but concluded that Maxie's own affidavit conclusively establishes that he had not tried to notify any defendant about the cold conditions until two weeks after the fact. Thus, a jury could not reasonably conclude that the defendants were deliberately indifferent.

On appeal Maxie simply restates his allegations without challenging—or even acknowledging—the district court's analysis of the evidence submitted at summary judgment. And though we construe the briefs of pro se litigants liberally, an appellant's brief must articulate a basis for overturning the judgment. See FED. R. APP. P. 28(a)(8)(A); *Haxhiu v. Mukasey*, 519

---

legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

F.3d 685, 691 (7th Cir. 2008); *Anderson v. Hardman*, 241 F.3d 544, 545–546 (7th Cir. 2001). In his brief Maxie does not suggest how the district court erred in dismissing his Eighth Amendment action, and we will not craft arguments for him. See *Yasinskyy v. Holder*, 724 F.3d 983, 989 (7th Cir. 2013).

AFFIRMED.