NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 1, 2018[*]
Decided February 1, 2018

**Before**

DIANE P. WOOD, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 17-2388

| | |
|---|---|
| MICHELLE LUNDY, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Eastern District of |
| | Wisconsin. |
| *v.* | |
| | No. 15-C-1127 |
| HEBRON HOUSE OF HOSPITALITY, INC., | |
| | Lynn Adelman, |
| *Defendant-Appellee*. | *Judge*. |

**O R D E R**

Michelle Lundy, an African-American woman, filed this lawsuit against the operator of Hebron House, a homeless shelter, under the Fair Housing Act. She alleged that the shelter discriminated against her based on her race by unfairly requiring her to vacate the shelter after 90 days and denying her access to a rental-assistance program. The district court entered summary judgment for Hebron House, reasoning that Lundy had not adduced sufficient evidence to create a genuine issue of material fact about

---

[*] We have agreed to decide the case without oral argument because the appeal is frivolous. FED. R. APP. P. 34(a)(2)(A).

whether the shelter's decisions were race-based and whether the shelter, as opposed to the U.S. Department of Housing and Urban Development, had any decision-making authority with respect to rental assistance.

Lundy appeals and contends that "remand is required because the appellees discriminated based on race and [failed] to accurately follow HUD [guidelines] for the Homeless Prevention / Rapid Re-Housing Program." That is the sum total of her argument; she does not claim to have raised any material disputes of fact backed up with evidence, nor does she cite any legal authority that supports her broad conclusion. Instead she recounts her personal history and repeats allegations from her complaint (and in her reply brief, attempts to add new factual allegations).

We construe pro se filings liberally, *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001), but we cannot meaningfully review an appellate argument that consists of a single bald conclusion. Even pro se litigants must comply with Federal Rule of Appellate Procedure 28(a)(8), *see Anderson*, 241 F.3d at 545–46, which requires that a brief contain a cogent argument with citations to authority. Although we "are generally disposed toward providing a litigant the benefit of appellate review," we will not concoct arguments or conduct legal research for a litigant. *Id*. at 545. Because Lundy has not presented an argument, we must dismiss her appeal.

DISMISSED