NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 11, 2018[*]
Decided May 11, 2018

**Before**

DIANE P. WOOD, *Chief Judge*

DANIEL A. MANION, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 17-2083

| | |
|---|---|
| ZACHARY WINTERS, on behalf of the Estate of Howard Winters, <br> *Plaintiff-Appellant,* <br><br> *v.* <br><br> NANCY A. BERRYHILL, Deputy Commissioner for Operations, Social Security Administration, <br> *Defendant-Appellee.* | Appeal from the United States District Court for the Central District of Illinois. <br><br> No. 16-cv-1360 <br><br> Joe Billy McDade, <br> *Judge.* |

**O R D E R**

Zachary Winters brings this appeal on behalf of his deceased father, Howard Winters, who before his death had applied for Disability Insurance Benefits and Supplemental Security Income based on his hypertension, diabetes, and learning

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

disorder. An administrative law judge determined that Howard was not disabled between his alleged onset date in early 2013 and his death in mid-2014 because the income he earned during this period (nearly $30,000) exceeded the regulatory limits for benefit eligibility. *See* 20 C.F.R. § 404.1574(b)(2). The Appeals Council later denied Zachary's request for review, and the district court upheld the Commissioner's decision.

On appeal Zachary does not address the district judge's reasoning or make any cogent legal argument that could provide a basis for disturbing the judgment. *See* FED. R. APP. P. 28(a)(8); *Anderson v. Hardman*, 241 F.3d 544, 545–46 (7th Cir. 2001). Regardless, we agree with the ALJ that Howard's roughly $30,000 in earnings exceeded the agency's threshold for substantial gainful activity (less than $1,040 per month in 2013 and less than $1,070 per month in 2014). *See* 20 C.F.R. § 404.1574(a)(1), (b)(2). Substantial evidence supports the ALJ's finding that Howard worked consistently between his alleged onset date and the date of his death.

AFFIRMED