NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 27, 2019[*]
Decided April 3, 2019

**Before**

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 18-2558

| | |
|---|---|
| ANDRE BURKETT,<br>    *Plaintiff-Appellant*, | Appeal from the United States District<br>Court for the Eastern District of Wisconsin. |
| *v.* | No. 18-CV-907-JPS |
| STATE OF WISCONSIN and<br>MILWAUKEE POLICE DEPARTMENT,<br>    *Defendants-Appellees*. | J. P. Stadtmueller,<br>*Judge*. |

**O R D E R**

In his fifth case in a string of attacks on his state-court convictions, which are now twenty years old, Andre Burkett sued the state of Wisconsin and the Milwaukee Police Department. He contends that, in 1998, he was falsely arrested and wrongfully convicted of insurance fraud. *See* 42 U.S.C. § 1983. The district court dismissed the complaint at screening, 28 U.S.C. § 1915(e)(2)(B), concluding that Burkett's claim for

---

[*] We have agreed to decide the case without oral argument because the appeal is frivolous and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(A).

damages was barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Because Burkett's appellate brief fails to develop a coherent argument, we dismiss this appeal. *See* FED. R. APP. P. 28.

Burkett's complaint is less than clear, but he appears to allege that the Milwaukee Police Department arrested him without evidence or a belief that he committed a crime. Further, after police officers interrogated him, they fabricated a statement that the government later used to wrongfully convict him. Burkett asked the district court to order the defendants to pay him for each day he spent in prison and on supervision and to "clear his name" of the convictions.

The district judge dismissed the complaint, finding that Burkett failed to state a claim and that the complaint was "frivolous." He noted that Burkett has unsuccessfully challenged his "now twenty-year-old convictions" in two habeas corpus petitions and in multiple civil rights cases under § 1983. Thus, the judge concluded that Burkett, now out of custody, had no further avenues for habeas relief. Further, he could not sue over his allegedly wrongful convictions under § 1983 because they have not been overturned. The judge also imposed a $500 fine because of Burkett's continued frivolous litigation over his state convictions.

Burkett's brief violates Federal Rule of Appellate Procedure 28. Although we construe pro se filings liberally and hold such filings to less exacting standards than those prepared by counsel, we must still be able to discern cogent arguments that identify the judge's error. *See Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). But the brief fails to provide an "articulable basis for disturbing the district court's judgment" or arguments "consisting of more than a generalized assertion of error." *See id.; see also* FED. R. APP. P. 28(a)(8)(A). Burkett reiterates his allegations that he was wrongfully convicted, and he contends that his long-ago habeas petitions—which are not on appeal— should not have been dismissed. Yet he does not develop a discernible argument related to this appeal or specify errors in the judge's ruling.

DISMISSED