**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 10, 2020[*]
Decided November 19, 2020

**Before**

DIANE S. SYKES, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 20-2483

| | |
|---|---|
| K. W., a minor, | Appeal from the United States District |
|     *Plaintiff-Appellant,* | Court for the Central District of Illinois. |
| | |
|     *v.* | No. 20-CV-1234 |
| | |
| PONTIAC POLICE DEPARTMENT, | James E. Shadid, |
|     *Defendant-Appellee.* | *Judge.* |

**O R D E R**

K. W., a minor (until November 28 of this year), sued the Pontiac, Illinois Police Department for injuries related to an arrest that occurred ten years ago, when he was only seven years old. Noting that he was unrepresented, the district court ordered K. W. to explain why his suit should not be dismissed because as a minor he lacked the capacity to sue. K. W.'s mother sought to sue on his behalf (with his approval), but because she was also unrepresented, the judge denied her motion. Then, K. W.'s motion

---

[*] The appellee was not served with process and is not participating in this appeal. We agreed to decide this case without oral argument because the brief and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

for the recruitment of counsel was denied because he did not demonstrate efforts to obtain counsel on his own. The judge dismissed the suit without prejudice and entered judgment. K. W. was advised that he could refile with counsel or when he reaches the age of majority.

K. W. appeals, but his brief does not comply with Rule 28(a) of the Federal Rules of Appellate Procedure. His submission fails to advance any argument for disturbing the district court's judgment. *See* FED. R. APP. P. 28(a)(8). Instead, the brief is a copy of his complaint, with a new date superimposed and header information added. We construe pro se filings liberally, but K. W. fails to provide even a bare-bones argument that he or his mother as next friend could litigate the case pro se. *See Elustra v. Mineo*, 595 F.3d 699, 705 (7th Cir. 2010). And we "cannot fill the void by crafting arguments and performing the necessary legal research." *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001).

DISMISSED